Filed 9/1/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TERENCE WILLIAM HOPKINS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, APPELLATE DIVISION, Respondent; THE PEOPLE, Real Party in Interest. | No. B270503 (Los Angeles County Super. Ct. Nos. BS160423 and 5MP07780) |

ORIGINAL PROCEEDINGS in mandate.  Patti Jo McKay, Presiding Judge; Barbara R. Johnson and Alex Ricciardulli, Judges.  Writ granted.

Ronald L. Brown, Public Defender, Albert J. Menaster, Jordana Mosten and Dylan Ford, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Michael N. Feuer, City Attorney, Debbie Lew, Assistant City Attorney, and Rick V. Curcio, Deputy City Attorney, for Real Party in Interest.

In 2014, the California Legislature enacted a statute, Penal Code section 1001.80,[1] authorizing a trial court to grant pretrial diversion to a defendant charged with a misdemeanor if the defendant was, or currently is, a member of the United States military and suffers from sexual trauma, traumatic brain injury, post-traumatic stress disorder (PTSD), substance abuse, or mental health problems as a result of his or her military service.[2] The purpose of the pretrial diversion program is to allow veterans who are suffering as a result of their service to get the services they need and also help them be more easily employed by keeping convictions off their records if they successfully complete the program.

The question presented in this writ proceeding is whether Vehicle Code section 23640, which prohibits pretrial diversion in any case charging a violation of Vehicle Code section 23152 or 23153 (a DUI case),[3] precludes the trial court

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     Section 1001.80 provides in relevant part:  "(a)  This chapter shall apply whenever a case is before a court on an accusatory pleading alleging the commission of a misdemeanor offense, and both of the following apply to the defendant:  [¶]  (1)  The defendant was, or currently is, a member of the United States military.  [¶]  (2)  The defendant may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service. . . .  [¶]  (b)  If the court determines that a defendant charged with an applicable offense under this chapter is a person described in subdivision (a), the court, with the consent of the defendant and a waiver of the defendant's speedy trial right, may place the defendant in a pretrial diversion program, as defined in subdivision (k).  [¶]  (c) . . .  If the defendant has performed satisfactorily during the period of diversion, at the end of the period of diversion, the criminal charges shall be dismissed."

[3]     Vehicle Code section 23640 provides in relevant part:  "(a)  In any case in which a person is charged with a violation of Section 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment

from placing in a pretrial diversion program a defendant in a DUI case who would otherwise qualify for pretrial diversion under section 1001.80.  Based on the rules of statutory construction, the language of section 1001.80 and Vehicle Code section 23640, and the legislative history of section 1001.80, we conclude that Vehicle Code section 23640 does not bar pretrial diversion for veterans or active duty members of the military who meet the criteria of section 1001.80 and are charged in a DUI case.

We note that on the day this case was argued before this court, our colleagues in the Fourth Appellate District, Division One, filed an opinion reaching the opposite conclusion.  (*People v. VanVleck* (August 11, 2016, D069893) ___ Cal.App.4th ___ <http://www.courtinfo.ca.gov/opinions> (*VanVleck*).)  We urge the Legislature to act by amending section 1001.80 to express its intent with regard to military diversion in DUI cases.

## BACKGROUND

Petitioner Terence William Hopkins was charged with misdemeanor counts of driving under the influence of alcohol in violation of Vehicle Code section 23152, subdivision (a), and driving while having 0.08 percent or more, by weight, of alcohol in his blood in violation of Vehicle Code section 23152, subdivision (b).  The incident leading to the charges occurred on August 21, 2015.  He pled not guilty, and moved for military diversion under section 1001.80.

---

program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program."

3

In support of his motion for diversion, Hopkins provided letters from Pamela Davis, a clinical social worker for the Department of Veterans Affairs (the VA), and Dr. Benjamin Shapiro, a psychiatrist for the VA.

Ms. Davis stated that Hopkins served in the United States Navy Reserves, and was activated from October 19, 2007 to November 10, 2008. He completed a combat tour in Afghanistan and was a military police officer in an internment facility that housed Taliban and Al Qaeda prisoners. Ms. Davis stated that Hopkins was exposed to significant trauma during his service, and had service-connected PTSD. She noted that Hopkins began mental health services at the VA in May 2015, and was under the care of a psychiatrist. She also stated that Hopkins was referred to the "Addictive Behaviors Clinic" at the VA, where he will participate in a 16-week program and will be drug tested and breathalyzed on a regular and random basis.

Hopkins provided two letters from Dr. Shapiro. In the first, dated September 10, 2015 (a few weeks after the incident that led to the charges being filed against Hopkins), Dr. Shapiro stated that Hopkins had been under his care since April 2015. Hopkins had informed Dr. Shapiro that he had developed a problem with binge alcohol addiction, and they had been establishing a plan for treatment for substance abuse just before Hopkins' DUI incident. Dr. Shapiro also reported that Hopkins had remained sober since the incident. In the second letter, dated November 5, 2015, Dr. Shapiro stated that Hopkins' alcohol dependence arose due to active PTSD, which is a common consequence of combat exposure. He reported that Hopkins had moved into recovery from his addiction successfully, and he anticipated that Hopkins would maintain his sobriety due to his commitment to his family and his future.

The People opposed Hopkins' motion on the ground that Vehicle Code section 23640 precludes diversion in any DUI case, citing *People v. Weatherill*

4

(1989) 215 Cal.App.3d 1569 (*Weatherill*). In that case, Division Seven of this district addressed whether a diversion statute applicable to misdemeanor defendants with cognitive developmental disabilities (§ 1001.21) applied when the defendant was charged with DUI. The majority (over a dissent by Johnson, J.) held that Vehicle Code sections 23202 and 23206 (renumbered as Veh. Code, §§ 23640 and 23600)[4] precluded application of section 1001.21 in such a case.

In reply, Hopkins argued that section 1001.80, which was enacted in 2014, governed over the earlier-enacted Vehicle Code section 23640, and that excluding DUI cases from the military diversion statute was contrary to the language and purpose of section 1001.80. He contended that *Weatherhill* did not require a different result since, unlike the present case, the diversion statute in that case was enacted before the Vehicle Code statute.

In ruling on Hopkins' motion, the trial court noted it was undisputed that Hopkins met the criteria to qualify for diversion under section 1001.80. However, the court found that the fact that section 1001.80 was enacted after Vehicle Code section 23640 was not dispositive because repeals by implication are disfavored (citing *People v. Siko* (1988) 45 Cal.3d 820, 824). It also found that a specific statute such as Vehicle Code section 23640 prevails over a general diversion statute (citing *Weatherill*, *supra*, 215 Cal.App.4th at pp. 1577-1578). Therefore, the court concluded that diversion under section 1001.80 was barred by Vehicle Code section 23640, and denied Hopkins' request.

Hopkins filed a petition for writ of mandate with the Appellate Division of the Los Angeles Superior Court, challenging the trial court's determination that it

---

[4] Former Vehicle Code sections 23202 (which applied to pretrial diversion) and 23206 (which applied to post-conviction diversion) were repealed and reenacted as Vehicle Code sections 23640 and 23600 by Stats. 1998, ch. 118 (Sen. Bill No. 1186), sections 60, 64, 84.

5

had no discretion to order pretrial diversion under section 1001.80. He asked the appellate division to issue a writ of mandate directing the trial court to vacate its December 18, 2015 order denying Hopkins' request for diversion and to exercise its discretion to determine whether he should be granted diversion under section 1001.80. On January 26, 2016, the Appellate Division summarily denied the petition, citing Vehicle Code section 23600,[5] subdivision (a), and *Weatherill*, *supra*, 215 Cal.App.3d at pages 1572-1573. Hopkins then filed the instant petition in this court, requesting that we issue a writ of mandate directing the Appellate Division of the Los Angeles Superior Court to issue a writ of mandate directing the trial court to vacate its December 18, 2015 order finding that Hopkins is ineligible for diversion under section 1001.80, and to exercise its discretion to determine whether diversion should be granted. We issued an order to show cause to the Appellate Division of the Los Angeles Superior Court, ordering it to show cause why a peremptory writ of mandate should not issue directing it to vacate its order denying Hopkins' petition for writ of mandate and to make a new and different order granting the petition. We also ordered all proceedings in the trial court stayed pending further order of this court.

## DISCUSSION

Here we are faced with two seemingly inconsistent statutes: section 1001.80, which would allow the court in this case to place Hopkins in a pretrial diversion program, and Vehicle Code section 23640, which would prohibit the court from doing so. The California Supreme Court recently reiterated the approach a court must take when faced with potentially inconsistent statutes. """A court must, where reasonably possible, harmonize statutes, reconcile seeming

---

[5] Clearly, this was a typographical error.

6

inconsistencies in them, and construe them to give force and effect to all of their provisions. [Citations.] This rule applies although one of the statutes involved deals generally with a subject and another relates specifically to particular aspects of the subject." [Citation.] Thus, when "'two codes are to be construed, they "must be regarded as blending into each other and forming a single statute." [Citation.] Accordingly, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof." [Citation.]'" [Citation.] Further, "'"[a]ll presumptions are against a repeal by implication. [Citations.]" [Citation.] Absent an express declaration of legislative intent, we will find an implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.'"'" [Citations.]" (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955-956 (*State Dept.*).)

The Supreme Court cautioned that "the requirement that courts harmonize potentially inconsistent statutes when possible is not a license to redraft the statutes to strike a compromise that the Legislature did not reach." (*State Dept.*, *supra*, 60 Cal.4th at p. 956.) It explained that "[t]he cases in which we have harmonized potentially conflicting statutes involve choosing one plausible construction of a statute over another in order to avoid a conflict with a second statute." (*Ibid.*)

With the Supreme Court's instructions in mind, we begin by examining the text of the two statutes at issue in the present case.

Section 1001.80 states that "[t]his chapter shall apply *whenever* a case is before a court on an accusatory pleading alleging the commission of a misdemeanor offense," and the defendant is a former or current member of the military who may be suffering from service-related trauma, PTSD, substance, or mental health issues. (§ 1001.80, subd. (a), italics added.) It gives the court

7

authority to place the defendant in a pretrial diversion program "[i]f the court determines that a defendant charged with an applicable offense under this chapter is a person described in subdivision (a)." (§ 1001.80, subd. (b).) There is no ambiguity in this language: "whenever" a qualified defendant is charged with "a misdemeanor offense," the court may place the defendant in a pretrial diversion program.

Vehicle Code section 23640 is equally unambiguous. It states that a court shall not grant pretrial diversion "*[i]n any case* in which a person is charged with a violation of Section 23152 or 23153." (Veh. Code, § 23640, subd. (a), italics added.)

The People contend the two statutes may be harmonized because section 1001.80 is permissive, i.e., the court may, but is not required to, place a qualified defendant in a pretrial diversion program. Thus, the People argue, the court may choose to deny a qualified defendant pretrial diversion for a number of reasons, including because he or she is "statutorily ineligible for diversion because he [or she] committed DUI, a disqualifying offense." But that construction of section 1001.80 is not a plausible construction of the statute's unambiguous language, which authorizes the court to grant pretrial diversion "*whenever*" a defendant who meets the criteria set forth in the statute is charged with a misdemeanor offense. Instead, the People's attempt to harmonize rewrites section 1001.80 to add an additional criterion not found in the express language, i.e., that the defendant cannot be charged with a misdemeanor DUI offense. But, as the Supreme Court instructs, the requirement to "harmonize potentially inconsistent statutes when possible is not a license to redraft the statutes." (*State Dept.*, *supra*, 60 Cal.4th at p. 956.)

Based on the express language of the statutes, we conclude that section 1001.80 and Vehicle Code section 23640 cannot be reconciled with respect to

defendants in DUI cases who meet the stated criteria under section 1001.80.[6] Therefore, we must look to the rules that apply when courts are faced with two irreconcilable statutes:  "'If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation].'  [Citation.]  But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence. [Citations.]"  (*State Dept.*, *supra*, 60 Cal.4th at pp. 960-961.)

The People contend that the timing of the enactments is not relevant here because Vehicle Code section 23640 is a specific statute and section 1001.80 is a general statute, and therefore Vehicle Code section 23640 controls.  In making this argument, the People quote the majority opinion in *Weatherill*:  "When a general statute conflicts with a specific statute the specific statute controls the general one. [Citations.]  The referent of 'general' and 'specific' is subject matter.  Thus, in the instant case, the subject matter of . . . section 1001.21 is misdemeanor diversion. That section, applying as it does to all misdemeanors, even felonies reduced to misdemeanors, comprehends hundreds of misdemeanors in scores of codes and is therefore a general statute.  [¶]  By contrast, the subject matter of [former] section 23202 is driving-under-the-influence diversion.  It applies to a single type of conduct and comprehends only two offenses, sections 23152 and 23153.  [Former s]ection 23202 is a specific statute and controls, to the extent of their inconsistency, the general statute, . . . section 1001.21."  (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1577-1578.)

---

[6]     We note that the majority in *Weatherill* came to the same conclusion regarding former Vehicle Code section 23202 (now Veh. Code, § 23640) and section 1001.21, the developmentally disabled diversion statute.  (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1577.)

The court in *VanVleck* agreed with the majority's analysis in *Weatherill*. (*VanVleck*, *supra*, ___ Cal.App.4th ___ [pp. 12-13].) We respectfully disagree. As Justice Johnson pointed out in his dissent in *Weatherill*, "[i]t can be contended just as forcefully that [former] Vehicle Code section 23202 contains a general provision prohibiting diversion for any defendant in [DUI] cases while . . . section 1001.20 et seq. focus specifically on [developmentally disabled] defendants and authorize diversion for this specific class of defendants no matter what misdemeanor they are charged with." (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1582 (dis. opn. of Johnson, J.).)

Put another way, "'[i]t is the general rule that where the general statute standing alone would include *the same matter* as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.'" (*People v. Gilbert* (1969) 1 Cal.3d 475, 479, italics added.) Here, the "matter" covered by section 1001.80 is a specific diversion program applicable only to certain qualifying defendants who are or were members of the United States military, applicable "whenever" a qualifying defendant is charged with a misdemeanor. With that focus, section 1001.80 is clearly more specific than Vehicle Code section 23640, which purports to preclude diversion for all defendants charged with a specific crime (driving under the influence). On the other hand, with a different focus – looking only to the offense with which a defendant is charged – Vehicle Code section 23640 appears to be more specific, because it applies only to driving under the influence whereas section 1001.80 applies to all misdemeanors. In short, unless we are prepared to make an arbitrary choice of focus, the general-vs.-specific rule of statutory construction gets us nowhere.

Since the rule that a specific statute controls a general statute does not assist us in this case, we must apply the rule that "'later enactments supersede earlier

ones.'" (*State Dept.*, *supra*, 60 Cal.4th at p. 960.) There is no question that section 1001.80 is the later enactment; it was enacted in 2014 (Stats. 2014, ch. 658 (Sen. Bill No. 1227), § 1), while Vehicle Code section 23640 was enacted in 1998 (Stats. 1998, ch. 118 (Sen. Bill No. 1186), § 84), and its predecessor, Vehicle Code section 23202 was enacted in the 1981-1982 Regular Session (see *Weatherill*, *supra*, 215 Cal.App.3d at p. 1574.) Thus, we conclude that section 1001.80 supersedes Vehicle Code section 23640 to the extent that the latter statute prohibits pretrial diversion for defendants who meet the criteria set forth in section 1001.80, subdivision (a).

Unlike the court in *VanVleck*, we find that the legislative history of section 1001.80 supports our conclusion that the Legislature intended section 1001.80 to apply in DUI cases. (See *Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 321 ["In construing statutes, 'our fundamental task is "to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." . . . Ultimately we choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute.'"].)

In *VanVleck*, the court observed that the legislative history "does not mention or resolve the conflict with [Vehicle Code] section 23640's ban on diversion for driving under the influence offenses. However, we presume the Legislature was aware of the *Weatherill* decision and its interpretation of [Vehicle Code] section 23640 when it enacted the military diversion statute. (*People v. Hernandez* [(1988)] 46 Cal.3d [194,] 201.) Had the Legislature intended to depart from the conclusion in *Weatherill* and create an exception to [Vehicle Code] section 23640, it could have easily done so by stating the military diversion statute authorizes pretrial diversion for defendants charged with violations of [Vehicle

11

Code] sections 23152 and 23153." (*VanVleck*, *supra*, ___ Cal.App.4th ___ [p. 11].)

We disagree with the *VanVleck* court's analysis.

First, we question whether the presumption that the Legislature was aware of statutes and prior judicial decisions and enacted the new statute in light of those statutes and decisions applies when the new statute being interpreted directly conflicts with existing law. (See, e.g., *McLaughlin v. State Board of Education* (1999) 75 Cal.App.4th 196, 213 ["unlike cases where lawmakers can be presumed to borrow from existing law to supply omitted meaning to later enactments, the presumption that one legislates with full knowledge of existing law is not conclusive, and not even helpful, in cases where a later enactment directly conflicts with an earlier law"].) Indeed, we have found no prior case that has applied the presumption in such a case.

Second, even if the presumption were appropriate in a case involving directly conflicting statutes, """[t]he presumption of legislative acquiescence in prior judicial decisions is not conclusive in determining legislative intent. . . . 'Legislative silence after a court has construed a statute gives rise at most to an arguable inference of acquiescence or passive approval. . . . But something more than mere silence is required before that acquiescence is elevated into a species of implied legislation. . . . [Citations.] In the area of statutory construction, an examination of what the Legislature has done (as opposed to what it has left undone) is generally the more fruitful inquiry.""" [Citations.]" (*People v. Morante* (1999) 20 Cal.4th 403, 429.) And what the Legislature has done in this instance is enact a statute that expressly applies "*whenever* a case is before a court on an accusatory pleading alleging the commission of a misdemeanor offense." (§ 1001.80, subd. (a), italics added.)

12

Finally, even though, as the *VanVleck* court observes, the legislative history does not expressly mention Vehicle Code section 23640's ban on pretrial diversion in DUI cases, there are strong indications that the Legislature intended the military diversion program to apply in all misdemeanor cases, including DUI cases.

Senate Bill No. 1227, which enacted section 1001.80, was authored by Senator Loni Hancock, the chair of the Senate Committee on Public Safety. An analysis of the bill by that committee explained the importance of creating a diversion program specifically for military veterans: "California has nearly two million military veterans living in the state, more than any other state in the country. Many of these veterans suffer from service related trauma, such as Post Traumatic Stress Disorder, or Traumatic Brain Injury. Unfortunately, some veterans find themselves entangled in the criminal justice system." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013-2014 Reg. Sess.) Apr. 8, 2014, p. 4.) The analysis noted that although specialized courts have been effective in connecting veterans to services they need, those courts are post-plea, probationary programs. Therefore, they fail to provide an important benefit of pretrial diversion programs: diversion programs, if successfully completed, "ensure that the participant is able to avoid the consequences of a conviction (such as difficulty in finding a job or securing housing)." (*Id.* at p. 5.)

According to the analysis, existing diversion programs are inadequate because "[t]he goal is to not just put [veterans suffering from trauma] in any program but to get them in a program that is used to dealing with the issues that a veteran may have." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013-2014 Reg. Sess.) Apr. 8, 2014, p. 5.) To that end, under the bill, the court is encouraged to work with the VA to develop the appropriate treatment, using established treatment programs with experience in dealing with the type of trauma the veteran has suffered. The analysis concluded: "The point of the diversion

13

program will be to get help for veterans who may be suffering as a result of their service. This will allow them to not only get the proper services but also allow them to be more easily employed in the future by keeping the crime off their record if they complete their diversion program successfully." (*Ibid.*)

That this specialized diversion program was intended to apply in all misdemeanor cases with qualified defendants, including DUI cases, is strongly indicated by how the existing law and the proposed law were described in the analysis of Senate Bill No. 1227. The analysis acknowledged that "[e]xisting law provides for diversion of *non-DUI* misdemeanor offenses," citing sections 1001 et seq. and 1001.50 et seq. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013-2014 Reg. Sess.) Apr. 8, 2014, p. 2, italics added.) But no such qualifier was used when describing the offenses that would be eligible for the new diversion program. Instead, the analysis stated that the bill would create a new diversion program to apply when a qualified member or former member of the military "is accused of a misdemeanor or jail felony."[7] (*Ibid.*)

This failure to expressly exempt DUI cases in section 1001.80 stands in stark contrast to prior actions by the Legislature with respect to other diversion programs. As the majority in *Weatherill* noted, after former Vehicle Code section 23202 was enacted, "when the Legislature enacted or reenacted diversion programs, e.g., Penal Code section 1001 et seq. (Stats. 1982, ch. 42) and Penal Code section 1001.50 et seq. (Stats. 1982, ch. 1251), in order to avoid the risk of implied repeal, it specifically exempted all driving-under-the-influence charges."

---

[7] As introduced, the bill applied to misdemeanors and felonies punishable under section 1170, subdivision (h). (Sen. Bill No. 1227 (2013-2014 Reg. Sess.), as introduced Feb. 20, 2014.) The California District Attorneys Association opposed the bill unless it was amended to exclude felonies, and the bill ultimately was so amended. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013-2014 Reg. Sess.) Apr. 8, 2014, p. 5; Assem. Amend. to Sen. Bill No. 1227 (2013-2014 Reg. Sess.) Aug. 4, 2014.)

(*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1579-1580.)  That the Legislature did not do so here supports our conclusion that it did not intend that Vehicle Code section 23640 would bar pretrial diversion under section 1001.80 in DUI cases.

The Senate Appropriations Committee Fiscal Summary of the bill also supports our conclusion that the Legislature intended section 1001.80 to apply in DUI cases.  (Sen. Appropriations Com., Fiscal Summary of Sen. Bill No. 1227 (2013-2014 Reg. Sess.) Apr. 28, 2014.)  That summary compares the diversion program to be created by Senate Bill No. 1227 to the existing "post-plea probationary programs for current or former members of the military [determined by the court to be suffering from service-related trauma, substance abuse, or mental health problems] convicted of criminal offenses who would otherwise be sentenced to county jail or state prison."  (*Id.* at p. 1.)  It explains that "[t]his bill seeks to offer comparable treatment programs *prior* to prosecution to similarly affected current and former members of the military who have been charged with misdemeanor or jail felony offenses."[8]  (*Ibid.*)

In other words, the Legislature sought to provide pretrial diversion to military veteran defendants who would be eligible for post-conviction probationary programs.  Those post-conviction probationary programs for military veterans were first authorized in 1982 under former section 1170.8 (Stats. 1982, ch. 964, p. 3466, § 1), which was renumbered the following year as section 1170.9 (Stats. 1983, ch. 142, § 121).  Section 1170.9 provides, in relevant part:  "(a)  In the case of any person convicted of a criminal offense who could otherwise be sentenced to county jail or state prison and who alleges that he or she committed the offense as a result of sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems stemming from service in the United

---

[8]     See footnote 7, *ante*.

15

States military, the court shall, prior to sentencing, make a determination as to whether the defendant was, or currently is, a member of the United States military and whether the defendant may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her service. . . . [¶]  (b)(1)  If the court concludes that a defendant convicted of a criminal offense is a person described in subdivision (a), and if the defendant is otherwise eligible for probation, the court shall consider the circumstances described in subdivision (a) as a factor in favor of granting probation.  [¶]  (2)  If the court places the defendant on probation, the court may order the defendant into a local, state, federal, or private nonprofit treatment program for a period not to exceed that period which the defendant would have served in state prison or county jail, provided the defendant agrees to participate in the program and the court determines that an appropriate treatment program exists."

Although Vehicle Code section 23600, the post conviction counterpart to Vehicle Code section 23640, prohibits courts from staying or suspending the pronouncement of sentencing of any defendant convicted of a DUI offense, it does not prohibit the court from sentencing a defendant to probation for such an offense. Thus, a current or former service member who qualifies under section 1170.9 may be ordered into a post-conviction probationary program even if he or she was convicted of a DUI offense.  Given that the Legislature intended to provide pretrial diversion to similarly situated military veteran defendants, it stands to reason that it intended that a current or former service member who qualifies under section 1001.80 may be granted pretrial diversion even if he or she is charged with a DUI offense.

16

In short, we find the legislative history supports our conclusion that, by enacting section 1001.80, the Legislature impliedly repealed Vehicle Code section 23640 to the extent it prohibits pretrial diversion for defendants who meet the qualifications of section 1001.80, subdivision (a).  Accordingly, we grant Hopkins' petition.

## DISPOSITION

The order to show cause is discharged.  Let a peremptory writ of mandate issue directing the Appellate Division of the Los Angeles Superior Court to vacate its January 26, 2016 order denying Hopkins' petition for writ of mandate, and to make a new and different order granting the petition.

**CERTIFIED FOR PUBLICATION**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

17