Filed 10/23/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| JEREMY TELLEZ, | |
| Petitioner, | E074244 |
| v. | (Super.Ct.No. INF1800977) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ. Dean Benjamini, Judge. Petition denied.

Steven L. Harmon, Public Defender, Andrea A. Rathburn and Jason M. Cox, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney and Christopher C. Crall, Deputy District Attorney for Real Party In Interest.

1

Penal Code section 1001.36 authorizes trial courts to grant pretrial diversion to defendants who suffer from mental disorders. (Pen. Code, § 1001.36, subd. (a).) At the same time, Vehicle Code section 23640 prohibits pretrial diversion in any case charging a driving under the influence (DUI) offense. (Veh. Code, § 23640, subd. (a).) Jeremy Tellez was charged with DUI offenses and sought pretrial mental health diversion. In this mandate proceeding, we must decide which of the two statutes prevails—Vehicle Code section 23640 or Penal Code section 1001.36. Like the trial court, we conclude that Vehicle Code section 23640 prevails and bars pretrial mental health diversion for defendants charged with DUI offenses. We therefore deny Tellez's petition for a writ of mandate.

## BACKGROUND

In a felony complaint, the People charged Tellez with one count of DUI and causing injury (Veh. Code, § 23153, subd. (a)), one count of DUI with a blood-alcohol content of 0.08 percent or more and causing injury (*id.*, § 23153, subd. (b)), one count of driving under the combined influence of any alcoholic beverage and drug and causing injury (*id.*, § 23153, subd. (g)), and one count of hit-and-run driving causing injury (*id.*, § 20001, subd. (a)). The complaint included enhancement allegations for personally inflicting great bodily injury (Pen. Code, § 12022.7, subd. (a)) and driving with a blood-alcohol content of 0.15 percent or more (Veh. Code, § 23578). The complaint also alleged that Tellez had suffered two prior strike convictions and two prior serious felony convictions.

2

Tellez moved for pretrial mental health diversion under Penal Code section 1001.36. The court denied the motion, ruling that DUI offenses are categorically ineligible for mental health diversion. Tellez moved for reconsideration, and the court also denied that motion.

Tellez then filed the instant petition requesting that we issue a peremptory writ of mandate and/or prohibition directing the superior court to vacate its ruling that Tellez is ineligible for mental health diversion. We issued an order to show cause and stayed proceedings in the trial court.

STANDARD OF REVIEW

The sole issue in this case requires us to construe several statutes. Statutory construction is a question of law that we decide de novo. (*People v. Morrison* (2019) 34 Cal.App.5th 980, 989.)

DISCUSSION

Vehicle Code section 23640 bars diversion in DUI cases. (*People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1572 [discussing Veh. Code, former § 23202, the predecessor to § 23640].) The statute has been the law since 1981.[1] (*People v. Duncan* (1990) 216 Cal.App.3d 1621, 1628.) In relevant part, it states that "[i]n any case in which a person is charged with" violating Vehicle Code section 23152 (for DUI) or 23153 (for DUI causing bodily injury), the court shall not suspend, stay, or dismiss the

_____

[1]      That was the year that Vehicle Code former section 23202 was enacted. (*Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275, 1284 (*Hopkins*).) In 1998, former section 23202 was renumbered to section 23640 without substantive change. (*People v. VanVleck* (2016) 2 Cal.App.5th 355, 361, fn. 2 (*VanVleck*).)

proceedings "for the purpose of allowing the accused person to attend or participate . . . in any one or more education, training, or treatment programs." (Veh. Code, § 23640, subd. (a).)

Penal Code section 1001.36, enacted in 2018, authorizes trial courts to grant pretrial diversion to defendants suffering from qualifying mental disorders. (*People v. McShane* (2019) 36 Cal.App.5th 245, 259.) It states that "[o]n an accusatory pleading alleging the commission of a misdemeanor or felony offense, the court may . . . grant pretrial diversion to a defendant" if six "minimum requirements of eligibility" are met.[2] (Pen. Code, § 1001.36, subds. (a), (b)(3).) Under section 1001.36, the only defendants expressly disqualified from mental health diversion are those charged with murder, voluntary manslaughter, rape, certain other sex offenses, or using weapons of mass destruction. (*Id.*, § 1001.36, subd. (b)(2).) Section 1001.36 does not expressly disqualify defendants charged with DUI offenses.

Both statutes are unambiguous in their plain language: One clearly prohibits diversion for defendants charged with DUI offenses, and the other just as clearly allows mental health diversion for any defendant who meets the minimum eligibility requirements (and who is not charged with a disqualifying offense). When it comes to

---

[2]     Those six requirements are: (1) The court is satisfied that the defendant suffers from a mental disorder; (2) the court is satisfied that the defendant's mental disorder was a significant factor in the commission of the charged offense; (3) a qualified mental health expert opines that the defendant's symptoms would respond to treatment; (4) the defendant consents to diversion and waives the right to a speedy trial, subject to an exception for mentally incompetent defendants; (5) the defendant agrees to comply with treatment; and (6) the court is satisfied that the defendant will not pose an unreasonable risk of danger to public safety. (Pen. Code, § 1001.36, subd. (b)(1).)

4

DUI offenses, Vehicle Code section 23640 prohibits a court from doing what Penal Code section 1001.36 permits. The two "statutes are in conflict and thus one must be interpreted as providing an exception to the other." (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 956.) The question is which one. Is Vehicle Code section 23640 an exception to Penal Code section 1001.36? Or is Penal Code section 1001.36 an exception to Vehicle Code section 23640?

The fundamental goal of construing statutes is to effectuate the intent of the Legislature. (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 321.) Courts may rely on canons of construction to reconcile conflicting statutes (*State Dept. of Public Health v. Superior Court*, *supra*, 60 Cal.4th at p. 960), but legislative history is another well-established tool for ascertaining legislative intent and harmonizing statutes. (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663 [holding that courts may look to legislative history to harmonize two statutes]; *People v. Chenze* (2002) 97 Cal.App.4th 521, 526-527 [using legislative history to harmonize two statutes]; *Lewis v. Ryan* (1976) 64 Cal.App.3d 330, 334 [holding that legislative history controls over canons of statutory construction where the history provides clues to legislative intent].)

In this case, the legislative history answers the question at hand: Vehicle Code section 23640 is an exception to Penal Code section 1001.36. DUI offenses are therefore categorically ineligible for mental health diversion. To understand the dispositive effect of the legislative history, we must begin not with mental health diversion, but with a similar program—military diversion. We then address the legislative history of mental health diversion.

5

I. *Penal Code Section 1001.80:  Military Diversion*

Penal Code section 1001.80 created a diversion program for current and former members of the military.  Specifically, the statute authorizes the court to grant pretrial diversion in misdemeanor cases if (1) the defendant was or is a member of the military, and (2) the defendant is suffering from sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, or mental health problems as a result of military service.  (Pen. Code, § 1001.80, subds. (a), (b).)  The Legislature enacted the military diversion statute in September 2014.  (*VanVleck*, *supra*, 2 Cal.App.5th at p. 362.)

As originally enacted, the military diversion statute did not expressly address Vehicle Code section 23640.  (Stats. 2014, ch. 658, § 1.)  It was thus unclear whether defendants charged with DUI offenses were eligible for military diversion.  The appellate courts split on the issue.  (See *VanVleck*, *supra*, 2 Cal.App.5th at p. 358 [holding that Veh. Code, § 23640 rendered defendants charged with DUI offenses categorically ineligible for military diversion]; *Hopkins*, *supra*, 2 Cal.App.5th at p. 1279 [holding that the military diversion statute prevailed and that Veh. Code, § 23640 did not bar military diversion].)

Our Supreme Court granted review of the issue.  (*Hopkins*, *supra*, 2 Cal.App.5th 1275, review granted Nov. 16, 2016, S237734 [2016 Cal. Lexis 9420]; *VanVleck*, *supra*, 2 Cal.App.5th 355, review granted Nov. 16, 2016, S237219 [2016 Cal. Lexis 9412].)  Before the Supreme Court could resolve the split, the Legislature amended Penal Code section 1001.80 to clarify that military diversion is available to defendants charged with misdemeanor DUI offenses.  (*Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 711;

6

*Hopkins*, review dism. as moot, Oct. 18, 2017, S237734 [2017 Cal. Lexis 8220]; *VanVleck*, review dism. as moot, Nov. 15, 2017, S237219 [2017 Cal. Lexis 8783].) Specifically, in August 2017, the Legislature added the following language to the military diversion statute: "Notwithstanding any other law, including section 23640 of the Vehicle Code, a misdemeanor offense for which a defendant may be placed in a pretrial diversion program in accordance with this section includes a misdemeanor violation of Section 23152 or 23153 of the Vehicle Code." (Pen. Code, § 1001.80, subd. (*l*), added by Stats. 2017, ch. 179, § 1.)

II. *Legislative History of Penal Code Section 1001.36*

Before the enactment of Penal Code section 1001.36, two different bills proposed pretrial mental health diversion. The bill that ultimately enacted Penal Code section 1001.36 was Assembly Bill No. 1810 (2017-2018 Reg. Sess.) (Assembly Bill 1810). Senate Bill No. 215 (2017-2018 Reg. Sess.) (Senate Bill 215) separately proposed mental health diversion, and it eventually amended Penal Code section 1001.36.

A. *Assembly Bill 1810*

Assembly Bill 1810 was an "omnibus health" budget trailer bill authored by the Assembly Committee on Budget. (Stats. 2018, ch. 34, § 37; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill 1810 (2017-2018 Reg. Sess.), as amended June 12, 2018, p. 1.) The committee first introduced Assembly Bill 1810 in January 2018, and the Legislature enacted it in June 2018. (*People v. McShane*, *supra*, 36 Cal.App.5th at p. 259; Assem. J. (2017-2018 Reg. Sess.), pp. 3733, 3736.) The January version of the bill contained only one section and merely stated that the

Legislature intended "to enact statutory changes relating to the Budget Act of 2018." (Assem. Bill 1810 (2017-2018 Reg. Sess.), as introduced Jan. 10, 2018.) The Senate amended the bill in June and added 37 sections, including the one that became Penal Code section 1001.36. (Sen. Amend. to Assem. Bill 1810 (2017-2018 Reg. Sess.), June 12, 2018.) The preamble of the bill explained that existing law had established a number of diversion programs, including the military diversion program. (*Ibid.*)

B. *Senate Bill 215*

The author of Senate Bill 215 introduced the bill in February 2017, but it did not relate to mental health diversion. (Sen. J. (2017-2018 Reg. Sess.), pp. 133, 135.) The first version of the bill proposed providing inmates with "victim advocates for emotional support services." (Sen. Bill 215 (2017-2018 Reg. Sess.), as introduced Feb. 1, 2017.)

On January 3, 2018, the Senate amended Senate Bill 215 so that it proposed pretrial mental health diversion. (Sen. Amend. to Sen. Bill 215 (2017-2018 Reg. Sess.), Jan. 3, 2018.) The preamble of the bill acknowledged the existing military diversion program, and the bill proposed to extend pretrial diversion to defendants suffering from qualifying mental disorders. (*Id.*, § 2.) This version of the bill authorized courts to grant mental health diversion "[n]otwithstanding any other law," except that the court could not grant diversion for certain enumerated offenses—including DUI offenses—without the consent of the prosecution. (*Ibid.*)

The January 3 version of the bill was short lived. Just six days later, the Senate amended Senate Bill 215 to make DUI offenses categorically ineligible for mental health diversion. (Sen. Amend. to Sen. Bill 215 (2017-2018 Reg. Sess.), Jan. 9, 2018, § 2 ["A

violation of Section 23152 or 23153 of the Vehicle Code is not eligible for diversion pursuant to this section"].)  The provision that the court could grant mental health diversion "[n]otwithstanding any other law" remained.  (*Ibid.*)  Legislative analysis of the bill referred to Vehicle Code section 23640 and noted that section 23640 prohibited diversion for DUI offenses.  (Assem. Com. on Public Safety, Analysis of Sen. Bill 215 (2017-2018 Reg. Sess.), June 12, 2018, p. 5.)  And a legislative committee report described the bill as "[a]uthoriz[ing] a court to grant pretrial diversion, regardless of any other law, . . . except as specified."  (Sen. Com. on Appropriations, Rep. on Sen. Bill 215 (2017-2018 Reg. Sess.), Jan. 16, 2018, p. 2.)

Senate Bill 215 expressly excluded DUI offenses from mental health diversion until August 6, 2018, when the Assembly substantially revised Senate Bill 215.  (Assem. Amend. to Sen. Bill 215 (2017-2018 Reg. Sess.), Aug. 6, 2018.)  By that time, the Legislature had enacted Assembly Bill 1810, so Penal Code section 1001.36 was in effect.  The new Senate Bill 215 thus proposed to amend Penal Code section 1001.36. (*Id.*, § 1.)  The August 6 version of the bill did not address ineligible offenses.  Instead, it proposed amendments to Penal Code section 1001.36 to address restitution for diverted offenses.  (Assem. Amend. to Sen. Bill 215 (2017-2018 Reg. Sess.), Aug. 6, 2018, § 1.) Further, there was no proposal to authorize mental health diversion "notwithstanding any other law."

Later in August 2018, the Assembly amended Senate Bill 215 for the final time. The final version set forth the list of ineligible offenses in the current version of Penal Code section 1001.36.  (Pen. Code, § 1001.36, subd. (b)(2); Assem. Amend. to Sen. Bill

9

215 (2017-2018 Reg. Sess.), Aug. 23, 2018, § 1.) As noted previously, the list of ineligible offenses includes crimes like murder, manslaughter, and rape, but not DUI offenses. (Pen. Code, § 1001.36, subd. (b)(2).) The Legislature enacted Senate Bill 215 in September 2018. (Stats. 2018, ch. 1005, § 1.)

III. *The Legislature's Intent: Vehicle Code Section 23640 Prevails*

To summarize, the amendment of the military diversion statute, the enactment of Penal Code section 1001.36, and the amendment of Penal Code section 1001.36 all occurred during the 2017 to 2018 legislative session. In August 2017, the Legislature clarified that the military diversion statute applied "[n]otwithstanding any other law, including section 23640 of the Vehicle Code." (Pen. Code, § 1001.80, subd. (*l*).) In January 2018, the Legislature began considering mental health diversion with Senate Bill 215, which expressly excluded DUI offenses from the universe of eligible offenses. That version of Senate Bill 215 also clarified that mental health diversion would apply notwithstanding any other law. But the Legislature enacted Assembly Bill 1810, the omnibus budget trailer bill, first. Assembly Bill 1810 did not expressly address DUI offenses or give Penal Code section 1001.36 broad application notwithstanding any other law. And when the Legislature amended Penal Code section 1001.36, the changes did neither of those things.

This history establishes that the Legislature wanted the existing bar on diversion for DUI offenses to take precedence. The Legislature was familiar with the conflict between Vehicle Code section 23640 and diversion statutes and knew how to clarify that the diversion statute should control over the Vehicle Code, having recently confronted

10

the issue with respect to military diversion. What is more, the earlier version of Senate Bill 215 would have clarified that mental health diversion applied notwithstanding any other law, but the Legislature abandoned that "notwithstanding" clause in the final version of Senate Bill 215. The Legislature's failure to amend Penal Code section 1001.36 in the same way that it had recently amended the military diversion statute indicates that the Legislature did not intend to override Vehicle Code section 23640. Instead, the Legislature intended that the decades-old prohibition against diversion for DUI offenses should prevail.

It is true that, at the same time the Legislature abandoned the notwithstanding clause in Senate Bill 215, the Legislature abandoned the provision that would have expressly excluded DUI offenses. Tellez relies on that latter change and argues that we should not read words into a statute that the Legislature has rejected. (*Madrid v. Justice Court* (1975) 52 Cal.App.3d 819, 825.) But we need not read the ineligibility of DUI offenses into Penal Code section 1001.36—Vehicle Code section 23640 accomplishes that. In contrast, no separate code provisions render the other disqualifying offenses ineligible for mental health diversion. If the Legislature wanted those other offenses to be ineligible for mental health diversion, Penal Code section 1001.36 had to say so. The Legislature thus created the list of ineligible offenses in Penal Code section 1001.36, subdivision (b)(2), but it was unnecessary to add DUI offenses to that list. That is, the Legislature deleted the exclusion for DUI offenses from Senate Bill 215 not because it wanted to make DUI offenders eligible for mental health diversion but because there was

11

no need for an express exclusion in Penal Code section 1001.36—such offenders were already excluded by Vehicle Code section 23640.

Tellez also relies on a canon of statutory construction: Later enactments supersede earlier ones. (*State Dept. of Public Health v. Superior Court*, *supra*, 60 Cal.4th at p. 960.) Because Penal Code section 1001.36 was enacted much more recently than Vehicle Code section 23640, Tellez argues that Penal Code section 1001.36 prevails. His reliance on the canon is unpersuasive.

"[C]anons of statutory construction are merely aids to ascertaining probable legislative intent." (*Stone v. Superior Court* (1982) 31 Cal.3d 503, 521, fn. 10.) "'No single canon of statutory construction is an infallible guide to correct interpretation in all circumstances.' '[The canons] are tools to assist in interpretation, not the formula that always determines it.'" (*Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1013, fn. omitted.) Our goal is always to determine the Legislature's intent, and "canons of construction . . . will not be applied so as to defeat the underlying legislative intent otherwise determined." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391.) Where, as here, the legislative history answers the question before us, it is a more reliable indicator of legislative intent than general canons of construction. (*Lewis v. Ryan*, *supra*, 64 Cal.App.3d at p. 334.)

Tellez further argues that public policy favors mental health diversion for DUI offenses. He points out that the Legislature enacted Penal Code section 1001.36 to promote increased diversion for individuals with mental disorders while protecting public safety. (Pen. Code, § 1001.35, subd. (a).) He argues that this policy is best served by

12

permitting mental health diversion for DUI offenses.  But if public policy concerns are going to resolve the conflict between the two statutes here, one must also discuss the public policy concerns underlying Vehicle Code section 23640.  Tellez omits any such discussion from his briefing.  For example, the Legislature may have feared that allowing mental health diversion for DUI offenses would allow the exception (of diversion) to swallow the rule (of criminal liability) because a large proportion of DUI offenders could credibly claim to suffer from a substance abuse disorder.  Because Tellez does not attempt to grapple with the competing public policy considerations involved, his one-sided appeal to public policy concerns does not persuade us.

Lastly, Tellez relies on Assembly Bill No. 3234 (2019-2020 Reg. Sess.) (Assembly Bill 3234), the new misdemeanor diversion program that the Legislature enacted on September 30, 2020.[3]  (Stats. 2020, ch. 334.)  Effective January 1, 2021, Penal Code sections 1001.95 through 1001.97 implement the program.  (Stats. 2020, ch. 334, § 1; see Cal. Const., art. IV, § 8, subd. (c).)  The Legislature expressly excluded certain offenses from eligibility under Assembly Bill 3234, but DUI offenses are not on that list of exclusions.  (Stats. 2020, ch. 334, § 1.)  Tellez contends that by omitting DUI offenses from the list, the Legislature intended them to be eligible for the new misdemeanor diversion program.  He argues that the omission of DUI offenses from the

---

[3]     We grant Tellez's request for judicial notice of Assembly Bill 3234, several interim drafts of the bill, several legislative analyses of the bill, and the governor's signing statement for the bill.  (Evid. Code, § 452, subds. (b), (c).)

13

list of ineligible offenses in Penal Code section 1001.36 should be interpreted in the same manner.

We do not believe it is clear whether DUI offenses are eligible for the new misdemeanor diversion program, and we need not decide the issue. Even assuming that DUI offenses are eligible for such diversion, it does not follow that DUI offenses are also eligible for mental health diversion. Misdemeanor diversion already exists. In 1982, the Legislature enacted two sets of statutes providing for misdemeanor diversion programs. (Pen. Code, §§ 1001-1001.9, 1001.50-1001.55; *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 75.) When the Legislature did so, it expressly excluded DUI offenses from eligibility. (Pen. Code, §§ 1001.2, subd. (a), 1001.51, subds. (b), (c)(6).) In view of that history, the Legislature's failure to expressly exclude DUI offenses this time around is a good indicator that it intended DUI offenses to be eligible for the new misdemeanor program.

But we have no preexisting mental health diversion program to consider alongside Penal Code section 1001.36. Instead, we have the change to military diversion enacted during the same legislative session. As we have explained, the Legislature expressly superseded Vehicle Code section 23640 for military diversion while failing to do so for mental health diversion. Assembly Bill 3234 does not diminish the probative value of that military diversion amendment.

In sum, we conclude that the Legislature intended DUI offenses to be ineligible for mental health diversion. Vehicle Code section 23640 controls over Penal Code section 1001.36.

14

DISPOSITION

The petition for a writ of mandate and/or prohibition is denied.  The previously

ordered stay is dissolved.

CERTIFIED FOR PUBLICATION

MENETREZ                              
                                                        J.


We concur:

RAMIREZ                              
                              P. J.
SLOUGH                              
                              J.

15