[Nos. A079143, A079223. First Dist., Div. Two. Dec. 9, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
DALE HOWARD WILLIAMS, Defendant and Appellant.

**COUNSEL**

Dale Howard Williams and Jeffrey S. Kross, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Raymond Cardozo, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HAERLE, J.**—These are two separate appeals from convictions for similar offenses which, on our own motion, we herewith consolidate. In both cases, appellant's counsel has filed opening briefs in which he raises no issues and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] (*Wende*).

In appeal No. A079143, Solano and Contra Costa Counties narcotics officers received information that appellant and another person were manufacturing methamphetamine at the latter person's residence in Vallejo. Police attempted to serve an outstanding warrant on the second person on March 7, 1996, at which time both appellant and he attempted to flee through the backyard. The police apprehended both and, in so doing, noted (a) that both were wearing latex gloves and (b) a strong chemical odor, which they recognized as one associated with the manufacture of methamphetamine. Both persons were arrested and a search warrant secured. Within the residence, the police found equipment and chemicals commonly used in the manufacture of methamphetamine as well as a small quantity of finished methamphetamine and three guns. Appellant and his confederate were arrested and booked. Appellant stated to the police that he and his confederate were assisting yet another person in the manufacture of methamphetamine in exchange for the finished product, and that he had "been using methamphetamines for thirty years."

Appellant was charged in a four-count information. The first count charged him with manufacturing methamphetamine in violation of Health and Safety Code section 11379.6, subdivision (a), after having previously been convicted under Health and Safety Code section 11378 (Pen. Code, § 1203.073, subd. (b)(8) and Health & Saf. Code, § 11370.2, subd. (b)); the second charged possession of methamphetamine for sale while personally armed with a firearm, plus a Health and Safety Code section 11370.2 allegation (Health & Saf. Code, §§ 11378 and 11370.2, subd. (c); Pen. Code, § 12022, subd. (c)); the third charged possession of a short-barreled shotgun (Pen. Code, § 12020, subd. (a)); and the fourth charged possession of three firearms by a convicted felon. (Pen. Code, § 12021, subd. (a)(1)). As to all counts, the information alleged that appellant was ineligible for probation pursuant to Penal Code section 1203, subdivision (e) (4), because of two prior felony convictions.

A preliminary hearing was held on January 15, 1997. The prosecution called three witnesses: two from the Vallejo Police Department and a drug enforcement administration chemist. All three witnesses were cross-examined by defense counsel, who called no witnesses of his own but who argued to the magistrate that the evidence was insufficient to hold his client. The magistrate found there was probable cause to believe that the alleged felonies had been committed, held the appellant to answer, and certified the matter to the superior court.

Appellant was arraigned on January 29, 1997, pled not guilty to all charges, and denied all the allegations. Less than two months later, on March 19, 1997, he changed his plea and entered a plea of no contest under count one to a violation of Health and Safety Code section 11379.6, subdivision (a), and also admitted the prior conviction pursuant to section 11370.2, subdivision (b), of the same code. All this was with the understanding that (a) he would receive the low term of three years in state prison on the offense as to which the no contest plea was entered and another, consecutive three years on the enhancement for the prior conviction and (b) the remaining counts would be dismissed. Appellant was advised of the constitutional rights he was waiving by pleading no contest and expressly waived those rights. Appellant was advised of the direct consequences of his plea and knowingly and voluntarily pleaded no contest. The court found a factual basis for the plea.

The court in fact sentenced appellant to six years in state prison pursuant to the negotiated disposition and granted him ninety-three days total presentence credit. It also ordered him to pay $2,400 in restitution fines, but stayed payment of $1,200 of the fines and ordered that amount waived conditioned upon appellant successfully completing his post-prison-term parole.

The underlying facts pertinent to the second appeal (No. A079223) are unknown, as appellant entered a no contest plea and admitted certain of the allegations prior to any preliminary hearing; he also waived referral to the probation department for a presentence report. In any event, in an April 8, 1997, complaint, appellant was charged with one count of manufacturing methamphetamine while personally armed with a firearm (Health & Saf. Code, § 11379.6, subd. (a); Pen. Code, § 12022, subd. (c)) (count 1), one count of possession of pseudoephedrine with intent to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c)(1)) while armed with a firearm (Pen. Code, § 12022, subd. (a)(1) (count 2), and one count of possession of a firearm (a .25-caliber pistol) by a convicted felon (Pen. Code, § 12021, subd. (a)) (count 3). The first two counts also contained allegations of a prior conviction of Health and Safety Code section 11378

pursuant to Health and Safety Code section 11370.2, subdivision (b), and Penal Code section 1203.073, subdivision (b)(8). The complaint concluded with the allegation that the three charged offenses were committed while appellant was out on bail in the earlier case. (Pen. Code, § 12022.1.)

Appellant was arraigned on April 8, 1997, and pled not guilty. As with the earlier case, appellant changed his plea to one of no contest on count 2 (Health & Saf. Code, § 11383, subd. (c)(1)) and admitted the arming and prior conviction allegations in return for a promise of an eight-year prison term to run concurrently with the six-year term imposed in connection with the first numbered appeal and the dismissal of the remaining counts. As in the first case, he was fully advised of his rights and the consequences of his plea.

On June 4, 1997, the court sentenced appellant to the midterm of four years for possessing pseudoephedrine, plus a consecutive three-year term for the prior drug conviction and another consecutive one-year term for the arming enhancement, for a total of eight years. This term was ordered to run concurrently with the six-year term imposed in the earlier case. The court imposed a $200 restitution fine (Pen. Code, § 1202.4) and allowed presentence credit of 92 days.

On June 17, 1997, appellant timely filed notices of appeal in both cases, in both instances appealing only from the sentence imposed. We discern no error in either sentence. In the first place, both sentences were the result of plea bargains noted in open court and as to which the appellant's agreement appears of record. In first appeal, the sentence was to the low term and in the second to the midterm. The sentences for the enhancements (one on the first conviction and two on the second) were also appropriate, as were the presentence credits awarded. The court denied probation in the first case and didn't even mention the issue in the second. (See Pen. Code, § 1203, subd. (e)(4).)

We cannot leave this case without commenting, as one of us has essentially done before (see *People* v. *Hackett* (1995) 36 Cal.App.4th 1297 [43 Cal.Rptr.2d 219] (*Hackett*)), at the utter waste of time, energy, computer hard drive space, and many nice fir trees involved in appeals such as this. The records in these two consolidated cases, where the only possible issue is the simple matter of sentencing pursuant to plea agreements and explicit statutes, while not overwhelming, are not insignificant. The Solano County Clerk's office had to prepare two clerk's transcripts; court reporters in that county were asked to prepare, and were presumably paid for preparing (surely by the taxpayers, ultimately) no less than five reporters' transcripts.

One of these was a 90-page transcript of the preliminary hearing in the first appeal which, interestingly enough, was never even referenced in appellant's *Wende* brief. Pursuant to California Rules of Court, rule 31(d), the only issues conceivably appealable in either case were the various sentences imposed and any ruling pursuant to Penal Code section 1538.5. The latter issue was not implicated in either case, which was the obvious reason each notice of appeal indicated that only the sentences were being appealed. The various sentences imposed were clearly consistent with the pertinent statutes and were all stipulated to in open court. The circumstances of these appeals illustrate in a very real way the ongoing unnecessary diversion of judicial resources and taxpayer funds mandated by our continued adherence to *Wende*. More so than ever, the principle embodied by that nearly 20-year-old decision deserves review by our Supreme Court.[1]

There are no arguable issues on appeal. The judgments are affirmed.

Lambden, J., and Ruvolo, J., concurred.

---

[1] See also, presenting a slightly different view than expressed in *Hackett* as to why *Wende* deserves reconsideration, *Robbins* v. *Smith* (9th Cir. 1997) 125 F.3d 831.