Filed 7/27/21

<u>**CERTIFIED FOR PUBLICATION**</u>

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

**APPELLATE DIVISION**

| | |
|---|---|
| **THE PEOPLE**, | |
| Petitioner, | |
| v. | APRI2100008 |
| **SUPERIOR COURT OF RIVERSIDE COUNTY**, | (Trial Ct. No. INM2003410) |
| Respondent, | |
| **SEBASTIAN ANDRES DIAZ-ARMSTRONG**, | |
| Real Party in Interest. | |
| | |
| **THE PEOPLE**, | |
| Petitioner, | |
| v. | |
| **SUPERIOR COURT OF RIVERSIDE COUNTY**, | APRI2100009 |
| | (Trial Ct. No. INM2002181) |
| Respondent, | |
| **JOSEPH SAMUEL SPINELLI, JR.**, | |
| Real Party in Interest. | |

1

**THE PEOPLE**,

    Petitioner,

    v.

**SUPERIOR COURT OF RIVERSIDE COUNTY**,

    Respondent,

**JESSICA ORTIZ**,

    Real Party in Interest.

APRI2100013

(Trial Ct. No. INM2003659)

ORIGINAL PROCEEDINGS in mandate and prohibition. Dean Benjamini, Judge. Petitions denied.

Michael A. Hestrin, District Attorney, and Chris S. Bouffard, Senior Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Steven L. Harmon, Public Defender, and Jason M. Cox, Deputy Public Defender, for Real Parties in Interest.

**THE COURT**[*]

With the parties' consent at oral argument we consolidated these three writ proceedings for hearing and decision because, even though they involve different, unconnected criminal defendants, "they involve common and interrelated issues of fact and law." (*In re Carl H.* (2017) 7 Cal.App.5th 1022, fn. 1; see *People v. Williams* (1997) 59 Cal.App.4th 1202; *People v. Sanchez* (1987) 190 Cal.App.3d 224, 228; *People v. Superior Court (Kenner)* (1977) 73 Cal.App.3d 65, 67–68.) Indeed, they present the identical issue of law, one which surely arises daily in other

---

[*] SYKES, P. J.; STERLING, J.

2

courts throughout our state: are defendants charged with misdemeanor driving under the influence (DUI) statutorily eligible for pretrial diversion under Penal Code section 1001.95? We hold that such defendants are indeed so eligible, and deny the People's petitions for extraordinary relief.

## PROCEDURAL BACKGROUND

*INM2003410 / APRI2100008*

Defendant and real party in interest Diaz-Armstrong was charged by misdemeanor complaint with DUI (Veh. Code, § 23152, subds. (a), (b)), was arraigned, and pleaded not guilty. At a pretrial hearing on January 21, 2021, the trial court placed defendant on diversion pursuant to Penal Code section 1001.95 (hereinafter "section 1001.95") over the prosecutor's objection. With regard to the threshold question of eligibility the trial court incorporated by reference the arguments and ruling it had made earlier that day in INM2002181, which we discuss immediately below. The trial court additionally found defendant to be otherwise suitable for diversion based on the particular circumstances of the case.

On February 17, 2021, the People filed a petition for writ of mandate or prohibition in this court and we issued an order to show cause.[1]

*INM2002181 / APRI2100009*

Defendant and real party in interest Spinelli was also charged by misdemeanor complaint with DUI, was arraigned, and pleaded not guilty. At a pretrial hearing on January 21, 2021, the trial court placed defendant on section 1001.95 diversion. With regard to the threshold question of eligibility, the prosecutor had argued that DUI defendants are categorically ineligible for

---

[1] While it appears that the People have a remedy by way of appeal (*People v. Tapia* (1982) 129 Cal.App.3d Supp. 1, 3 & fn. 1), "writ review of an appealable order is appropriate where it is necessary to resolve an issue of first impression promptly and to set guidelines for bench and bar" (*Rodrigues v. Superior Court (Joaquim)* (2005) 127 Cal.App.4th 1027, 1032). We believe this standard is met here, and defendants do not disagree.

diversion by virtue of Vehicle Code section 23640 (hereinafter "section 23640"). The trial court, however, noted the history of subsequently enacted diversion "statutes which have extensively run afoul and butted heads with 23640," and observed the legislative history specific to section 1001.95, reasoning:

> I think in this case, the best interpretation of the legislative history, given the fact that the author of the bill appears to be anticipating inclusion of DUIs and then even when the governor signed the bill, in his signing statement, the governor said, "I'm signing this bill" -- and I'm just paraphrasing -- "I do have some concern that it includes DUIs, and I expect the legislature is going to change that in the future. I'm going to work with the legislature to change that in the future."

> So when I look at those together, I have to conclude the legislative history of this bill is it includes DUIs. . . . In terms of -- that's eligibility.

Turning to suitability, the trial court found defendant's particular case otherwise suitable for diversion.

On February 18, 2021, the People filed a petition for writ of mandate or prohibition in this court and we issued an order to show cause.

### INM2003659 / APRI2100013

Defendant and real party in interest Ortiz was also charged by misdemeanor complaint with DUI, was arraigned, and pleaded not guilty. On February 1, 2021, the date set for jury trial, the trial court placed defendant on section 1001.95 diversion over the prosecutor's objection. With regard to the threshold question of eligibility the trial court observed that "the legislature has seen fit to exclude four specific cases or categories of cases from 1001.95. And DUI or driving under the influence offenses were not excluded from there." In finding a legislative intent to include DUIs despite section 23640, the trial court found it significant that a recently introduced bill, Senate Bill No. 282, sought

> to specifically exclude driving under the influence offenses as well as a few other categories and specific statutes.

4

One generally does not -- or the legislature does not move to amend a statute to exclude something unless it was otherwise included, so I do believe that that is a pretty clear manifestation that, at least, the legislature believed that DUIs were included. And since what I have to do is divine legislative intent, I don't think that there is much stronger indicator than the legislature themselves thinking that they included it, and that's why at least one legislature [*sic*] has moved to amend the bill.

As the in the other two cases, the trial court found defendant otherwise suitable for diversion, the People filed a writ petition in this court, and we issued an order to show cause.

## DISCUSSION

### I. *The Legal Issue and Its Background*

The People's argument in each case is that DUIs are categorically ineligible for section 1001.95 misdemeanor diversion because of section 23640. They do not contest the trial court's secondary findings that each defendant was individually suitable for diversion.

Section 1001.95, which took effect January 1, 2021, sets forth an alternative dispositional scheme to the ordinary process of criminal adjudication, in which "[a] judge in the superior court in which a misdemeanor is being prosecuted may, at the judge's discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant . . . ." (§ 1001.95, subd. (a), added by Stats. 2020, ch. 334, § 1.) As with other forms of pretrial diversion, "[i]f the defendant has complied with the imposed terms and conditions, at the end of the period of diversion, the judge shall dismiss the action against the defendant"; however, "[i]f the court finds that the defendant has not complied with the terms and conditions of diversion, the court may end the diversion and order resumption of the criminal proceedings." (§ 1001.95, subds. (c), (d); cf., e.g., Pen. Code, § 1000 et seq.) By its plain terms, section 1001.95 applies to all misdemeanors except for these express exclusions: violations of Penal Code sections 273.5, 243, subdivision (e), 676.9, and any

5

offense carrying mandatory sex offender registration. (§ 1001.95, subd. (e).) Misdemeanor DUIs are plainly not included in this list of ineligible offenses. But there is another statute to consider.

Section 23640, a preexisting statute dating back almost 40 years (see former Veh. Code, § 23202, added by Stats. 1981, ch. 940, § 32), provides in relevant part that,

> [i]n any case in which a person is charged with a violation of [Vehicle Code] Section 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program.

In other words, the court may not grant pretrial diversion to a misdemeanor or felony DUI defendant. This is "[t]he unambiguous intent of" the section. (*People v. Darnell* (1990) 224 Cal.App.3d 806, 810.)

The issue confronting this court is not novel: whether the two statutes can be harmonized and, if they cannot, which statute controls. Of course, "[t]he proper interpretation of a statute is a question of law, which we determine independently, or de novo." (*People v. Jacobo* (2019) 37 Cal.App.5th 32, 42.) But there is a long and complex history surrounding judicial application of section 23640 to preexisting and subsequently enacted diversion schemes.

*Diversion of defendants with developmental disabilities*

The first case of note is *People v. Weatherill* (1989) 215 Cal.App.3d 1569, which considered whether the forerunner of section 23640, Vehicle Code section 23202, barred a DUI defendant from being granted diversion for defendants with developmental disabilities under Penal Code section 1001.20 et seq. After first "[p]erceiving no ambiguity in section[] 23202" to exclude

6

from diversion "*all* driving under the influence defendants, without exception," the court then examined the legislative history because the defendant had "contend[ed] that this seeming all inclusive prohibition against diversion is apparent only." (*Id.* at p. 1574 [emphasis in original].) But the legislative history of the bill that had added the prohibition, Assembly Bill No. 541 (1981–1982 Reg. Sess.), actually revealed a strong intent to curb the scourge of DUIs in accord with the public sympathies of the time by, in part, ensuring that all DUI defendants would "have their guilt or innocence determined without delay or diversion." (*Id.* at pp. 1574–77.)

The *Weatherill* court then turned to conventional tools of statutory interpretation to resolve the conflict between the diversion scheme and Vehicle Code section 23202's prohibition on diversion for DUI defendants. Invoking the rule that a specific statute controls over a conflicting general statute, the court explained that the subject matter of Vehicle Code section 23202 was more specific because it only "applies to a single type of conduct" whereas the diversion scheme "comprehends hundreds of misdemeanors in scores of codes . . . ." (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1577–78.) Similarly, the rule that a more recent statute controls over an older statute supported application of the newer-by-one-year Vehicle Code section 23202. (*Id.* at p. 1578.) Furthermore, while it was true that other subsequently enacted diversion schemes included specific exclusions for DUIs, this was only "in order to avoid the risk of implied repeal" of Vehicle Code section 23202 which buttressed the Legislature's consistent intent that "section 23202 bars all diversion programs." (*Id.* at pp. 1579–80.) Finally, the court explained that the unavailability of diversion programs did not undermine the goal of rehabilitation because the trial court "may prescribe, as conditions of probation, appropriate education, training, and treatment programs." (*Id.* at p. 1580.)

*Weatherill* thus held that Vehicle Code section 23202 barred the defendant in that case from diversion. It was a split decision, however, and Justice Johnson's dissent explained that "[i]t can be contended just as forcefully that" Vehicle Code section 23202 is the general statute because it applies to all DUI cases while the diversion scheme applies only to a specialized class of defendants. (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1582–83 (dis. opn. of Johnson, J.).) With regard to the legislative history, the dissent read it to reflect an intent in Vehicle Code section 23202 only to eliminate a different, particular sort of problematic diversion program that had recently sprung up at the trial court level.

> Under [a prior diversion scheme that excluded only persons *convicted* of DUI], some counties developed diversion programs referred to as "Lucky Deuce" programs. (A drunk driving charge under Vehicle Code section 23152 is commonly referred to as a "deuce.") Under the auspices of the court, the district attorney and defense counsel, first-time offenders could elect to enter a year-long "Lucky Deuce" program at their own expense. Upon successfully completing the program, the "deuce" could be reduced to reckless driving, a moving violation or even dismissed entirely in the court's discretion. The court proceedings were stayed pending completion of the program. [Citation.] According to the Senate Judiciary Committee report, Vehicle Code section 23202 would eliminate these "Lucky Deuce" programs. [Citation.]

> The legislative history of section 23202 furnished us by the Legislative Intent Service contains nothing which would indicate the Legislature had the diversion program for the [developmentally disabled] in mind when it enacted that section. Rather, the materials imply the Legislature sought only to eliminate the "Lucky Deuce" programs.

(*Id.* at p. 1584.) The dissent's view was buttressed in part by the policy implication that "Penal Code section 1001.20 was enacted not as an act of kindness" but "because the Legislature felt imprisonment was ineffective as a deterrent for that class of defendants . . . ." (*Id.* at pp. 1584–88.)

*Military diversion*

The issue lay there dormant for over a quarter century, until the Legislature's enactment of a diversion scheme for members of the military and veterans suffering from maladies related to their service. (Pen. Code, § 1001.80, added by Stats. 2014, ch. 658.) In *People v. VanVleck* (2016) 2 Cal.App.5th 355, the Fourth District Court of Appeal, Division One held that the general prohibition on diversion for DUI defendants, now found in section 23640 (see *id.* at p. 361, fn. 2), applied to bar such defendants from military diversion. It noted that "[w]hile the Legislature did not specifically include or exclude driving under the influence misdemeanors from military diversion, we presume the Legislature was aware of preexisting legal authority and decisional interpretations, and enacted the military diversion statute with that in mind." (*Id.* at p. 363.) And so the Legislature could be charged with knowledge "of the *Weatherill* decision and its interpretation of section 23640 when it enacted the military diversion statute." (*Id.* at p. 364.) In short, in light of section 23640 and *Weatherill* it was incumbent on the Legislature to expressly include DUI cases as eligible for military diversion if that was what it wanted. (See *id.* at pp. 365, fn. 3, 367.)

Shortly thereafter a panel of the Second District Court of Appeal reached the opposite conclusion. In *Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275, the court found that because the military diversion statute "'appl[ies] *whenever* a [misdemeanor] case is before a court,'" it was in irreconcilable conflict with section 23640 such that it was not appropriate to try to harmonize them. (*Id.* at pp. 1282–83 [emphasis in original].) Echoing Justice Johnson's dissent in *Weatherill*, the *Hopkins* court found the general-versus-specific-statute rule too facile, in that it can apply either way depending on one's "arbitrary choice of focus . . . ." (*Id.* at pp. 1283–84.) But the earlier-versus-later-statute rule could only apply in one direction: the newer Penal Code section

1001.80 supersedes the older section 23640 to the extent they conflict. (*Id.* at p. 1284.) The *Hopkins* court doubted that it was appropriate to presume that the Legislature enacted the diversion scheme in light of existing law in a situation where there was a "direct conflict[]," and in a manner so as to turn the Legislature's "mere silence . . . into a species of implied legislation . . . ." (*Id.* at pp. 1284–85 [internal quotation marks omitted].) And it inferred from various aspects of the legislative history — specifically the policies of military diversion and the recognition that other diversion schemes expressly exempt DUIs — a strong legislative intent to include DUIs. (*Id.* at pp. 1286–88.)

The Legislature itself ultimately resolved the conflict between *VanVleck* and *Hopkins*, amending Penal Code section 1001.80 to expressly include DUI cases as eligible "[n]otwithstanding . . . Section 23640 of the Vehicle Code . . . ." (Pen. Code, § 1001.80, subd. (l), added by Stats. 2017, ch. 179.)

*Mental health diversion*

Most recently, the Fourth District Court of Appeal, Division Two addressed the issue in the context of Penal Code section 1001.36 mental health diversion, which took effect in 2018. (See Stats. 2018, ch. 34, § 24.) First, in *Tellez v. Superior Court* (2020) 56 Cal.App.5th 439, it observed that Penal Code section 1001.36 and section 23640 are in conflict because the former, taken alone, would unambiguously include DUIs within its scope; this is so even though Penal Code section 1001.36 simply says that it applies "'[o]n an accusatory pleading alleging the commission of a misdemeanor or felony offense'" without any particular language of universality. (*Id.* at pp. 443–44.) The court then drew heavily from a unique aspect of the legislative history: the fact that "the amendment of the military diversion statute" to expressly include DUIs, the original "enactment of Penal Code section 1001.36" with no exclusions, "and the amendment

10

of Penal Code section 1001.36" to add a list of excluded offenses that omitted DUIs, "all occurred during the 2017 to 2018 legislative session." (*Id.* at p. 447.)

> This history establishes that the Legislature wanted the existing bar on diversion for DUI offenses to take precedence. The Legislature was familiar with the conflict between Vehicle Code section 23640 and diversion statutes and knew how to clarify that the diversion statute should control over the Vehicle Code, having recently confronted the issue with respect to military diversion. What is more, the earlier version of Senate Bill 215 [the bill amending Penal Code section 1001.36] would have clarified that mental health diversion applied notwithstanding any other law, but the Legislature abandoned that "notwithstanding" clause in the final version of Senate Bill 215. The Legislature's failure to amend Penal Code section 1001.36 in the same way that it had recently amended the military diversion statute indicates that the Legislature did not intend to override Vehicle Code section 23640. Instead, the Legislature intended that the decades-old prohibition against diversion for DUI offenses should prevail.
>
> It is true that, at the same time the Legislature abandoned the notwithstanding clause in Senate Bill 215, the Legislature abandoned the provision that would have expressly excluded DUI offenses. Tellez relies on that latter change and argues that we should not read words into a statute that the Legislature has rejected. [Citation.] But we need not read the ineligibility of DUI offenses into Penal Code section 1001.36 — Vehicle Code section 23640 accomplishes that. In contrast, no separate code provisions render the other disqualifying offenses ineligible for mental health diversion. If the Legislature wanted those other offenses to be ineligible for mental health diversion, Penal Code section 1001.36 had to say so. The Legislature thus created the list of ineligible offenses in Penal Code section 1001.36, subdivision (b)(2), but it was unnecessary to add DUI offenses to that list. That is, the Legislature deleted the exclusion for DUI offenses from Senate Bill 215 not because it wanted to make DUI offenders eligible for mental health diversion but because there was no need for an express exclusion in Penal Code section 1001.36 — such offenders were already excluded by Vehicle Code section 23640.

(*Id.* at p. 448.)

In *Moore v. Superior Court* (2020) 58 Cal.App.5th 561, a slightly different panel of the same court reaffirmed its position that,

> if the Legislature had intended DUI defendants to be eligible for pretrial mental health diversion, it would have repealed or amended Vehicle Code section 23640, or it would have "carve[d] out an exception" to Vehicle Code section 23640 in Penal Code section 1001.36. Its failure to do either — during the same legislative session in which it amended Penal Code section 1001.80 to make military members charged with misdemeanor DUI offenses eligible for military diversion [citation]

11

— manifests its intent to keep all DUI defendants ineligible for pretrial mental health diversion under Vehicle Code section 23640.

(*Id.* at p. 579.)

## II.  *Section 1001.95 Misdemeanor Diversion and DUIs*

None of the cases discussed above is entirely congruent with ours.  *Weatherill* dealt with a previously enacted diversion program where the DUI prohibition was the more recent expression of legislative intent; the dispute between *VanVleck* and *Hopkins* was never settled judicially and involved a diversion scheme restricted to a small class of defendants; and *Tellez* and *Moore* dealt with a remarkably unique and telling legislative history, and both involved defendants charged with felony DUI causing injury.  Perhaps most importantly, none involved a diversion scheme as sweeping and consequential as the one before us, a point we discuss further below.  (*Post*, at pp. 21–22.)  With the issue now presented squarely, we have come to the decision that misdemeanor DUI cases are eligible for section 1001.95 diversion despite the prohibition embedded in section 23640.

Our analysis is guided throughout by the bedrock precept that our duty is """"to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute,"""" meaning that we must """"[u]ltimately . . . choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute.""""  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1369.)  "It cannot be too often repeated that due respect for the political branches of our government requires us to interpret the laws in accordance with the expressed intention of the Legislature."  (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632–33.)  Viewing the question before us from this perspective, we must answer this:  When the Legislature authorized trial courts to grant diversion in a misdemeanor case so long as the charge wasn't one of the expressly listed

exclusions, did they mean to give courts the power to grant diversion in DUI cases — a non-excluded offense — notwithstanding the existence of section 23640? For the reasons that follow, we believe that when the Legislature enacted section 1001.95 it intended for it to include misdemeanor DUIs.

## A. *The statutory text and canons of construction*

"""[T]he statutory language . . . generally is the most reliable indicator of legislative intent."""" (*Gutierrez*, *supra*, 58 Cal.4th at p. 1369.) By its plain language section 1001.95 applies broadly to "a misdemeanor . . . being prosecuted" with only a few clearly identified exceptions. It is true, as the dissent points out, that the text does not contain any overt flags indicating universality or precedence, such as the phrase "notwithstanding any other law"; but neither does it signal deference or subjection to otherwise applicable law, which the Legislature also knows how to draft. (See Corp. Code, § 206; Health & Saf. Code, §§ 25244.10, 50466, subd. (a); Prob. Code, § 880, subd. (b)(2); Pub. Resources Code, § 4291.3, subd. (a); Pub. Util. Code, § 107015, subd. (t).) So the non-existence of universal language isn't a positive indication in its own right; it merely sets up the conflict.

And indeed there is a conflict because "[b]oth statutes are unambiguous in their plain language:" section 23640 "clearly prohibits diversion for defendants charged with DUI offenses," and section 1001.95 "just as clearly allows" the trial court to grant diversion in a misdemeanor case. (*Tellez*, *supra*, 56 Cal.App.5th at p. 444.) "When it comes to [misdemeanor] DUI offenses . . . section 23640 prohibits a court from doing what" section 1001.95 "permits. The two 'statutes are in conflict and thus one must be interpreted as providing an exception to the other.'" (*Ibid.*) The dissent posits that we can harmonize the statutes, but doing so contradicts the Court of Appeal's consistent understanding that 23640 poses a real conflict with diversion statutes that

13

would otherwise include DUIs.  (See *ibid.*; *Hopkins*, *supra*, 2 Cal.App.5th at pp. 1282–83; *Weatherill*, *supra*, 215 Cal.App.3d at p. 1577 & fn. 7.)  "'[T]he requirement that courts harmonize potentially inconsistent statutes when possible is not a license to redraft the statutes to strike a compromise that the Legislature did not reach.'"  (*Hopkins*, at p. 1282.)  Indeed, the dissent offers what we believe to be the very first appellate opinion directly concluding that true harmonization is possible.  (But see *Weatherill*, at p. 1578, fn. 9 [noting its own dissent's equivocation on this point].)  Following the Court of Appeal, we disagree.

"Courts may rely on canons of construction to reconcile conflicting statutes."  (*Tellez*, *supra*, 56 Cal.App.5th at p. 444.)  As the *Moore* and *Hopkins* courts explained, under these circumstances "either statute can be construed as more specific than the other, regarding their subject matters," meaning "that the rule that a specific statute controls over a more general one 'does not assist us in this case.'"  (*Moore*, *supra*, 58 Cal.App.5th at p. 580 & fn. 10; see *Hopkins*, *supra*, 2 Cal.App.5th at pp. 1283–84 ["unless we are prepared to make an arbitrary choice of focus, the general-versus-specific rule of statutory construction gets us nowhere"].)  That is, while "[i]t is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute" (*People v. Gilbert* (1969) 1 Cal.3d 475, 479), section 1001.95 standing alone does not include the same matter as section 23640 because felony DUIs are included in the latter but not the former.  So section 1001.95 is the more general statute simply in the sense that it covers a greater number of discrete offenses; but it only includes the subset of misdemeanor DUIs, while section 23640 covers all DUIs, generally.

Turning to "the rule that '"later enactments supersede earlier ones"'" (*Hopkins*, *supra*, 2 Cal.App.5th at p. 1284), section 1001.95 is the newer statute by decades.  This generational span

14

is significant because the later-versus-earlier canon is not an arbitrary tiebreaking rule; it reflects a deeper, more fundamental concept, that the dead hand of a past legislative session does not constrict the freedom of the current Legislature to enact laws consistent with contemporary public policy. With limited exception (see Cal. Const., art. II, § 10, subd. (c) [limitations on amending initiative statutes]), long-standing statutes do not derive their force merely from their venerability; they derive it primarily from the sufferance of the current Legislature. "[A]n act of one legislature is not binding upon, and does not tie the hands of future legislatures. . . . '. . . The legislature . . . cannot declare in advance the intent of subsequent legislatures or the effect of subsequent legislation upon existing statutes,'" and so "'the later law prevails as the last expression of the legislative will . . . .'" (*United Milk Producers of Cal. v. Cecil* (1941) 47 Cal.App.2d 758, 764–65.) In short, section 1001.95 "is the later and therefore the controlling expression of the legislative intent . . . ." (*Jensky v. State Bd. of Equalization* (1945) 67 Cal.App.2d 612, 617.)

Certainly, "'"[n]o single canon of statutory construction is an infallible guide to correct interpretation in all circumstances"'" and they "'will not be applied so as to defeat the underlying legislative intent otherwise determined.'" (*Tellez*, *supra*, 56 Cal.App.5th at pp. 448–49.) Here, however, the later-versus-earlier rule is in accord with other indicators of legislative intent.

## B. *The history of misdemeanor diversion*

Subsequent to the enactment of section 23640's predecessor, the Legislature created two new misdemeanor diversion programs, and one deferred entry of judgment pilot program, which all included express exclusions for DUIs despite the existence of the language now found in section 23640. (See Pen. Code, §§ 1001.2, subd. (a), added by Stats. 1982, ch. 42, § 2; Pen. Code, § 1001.51, subd. (b), added by Stats. 1982, ch. 1251, § 2; former Pen. Code, § 1001.98, subd. (h)(3), added by Stats. 2014, ch. 732, § 1.) "The Legislature's omission of an" express exclusion for

15

misdemeanor DUIs in section 1001.95 "when it included such language in several related statutes, is significant. "'When the Legislature 'has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded.'"'" (*People v. Sung Jue Seo* (2020) 48 Cal.App.5th 1081, 1088.)

In *Weatherill*, the court opined that the specific DUI exclusions in the subsequent diversion schemes was a means by which the Legislature indicated the ongoing validity of Vehicle Code section 23202 by "avoid[ing] the risk of implied repeal . . . ." (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1579–80.) Consistent with this reasoning, appellate courts have drawn the converse inference when a subsequent diversion scheme includes no express DUI exclusion. In *Hopkins* the court explained that the

> failure to expressly exempt DUI cases in [Penal Code] section 1001.80 stands in stark contrast to prior actions by the Legislature with respect to other diversion programs. . . . That the Legislature did not do so here supports our conclusion that it did not intend that Vehicle Code section 23640 would bar pretrial diversion under section 1001.80 in DUI cases.

(*Hopkins*, *supra*, 2 Cal.App.5th at p. 1287.) And, anticipating the issue now before us, the Court of Appeal division that sits as our direct superior opined in dicta:

> We do not believe it is clear whether DUI offenses are eligible for the new misdemeanor diversion program, and we need not decide the issue. . . . In 1982, the Legislature enacted two sets of statutes providing for misdemeanor diversion programs. [Citations.] When the Legislature did so, it expressly excluded DUI offenses from eligibility. [Citations.] In view of that history, the Legislature's failure to expressly exclude DUI offenses this time around is a good indicator that it intended DUI offenses to be eligible for the new misdemeanor program.

(*Tellez*, *supra*, 56 Cal.App.5th at pp. 449–50.) We are persuaded by the reasoning of *Hopkins* and *Tellez* on this point, which is consistent with the principle of statutory construction noted immediately above that we should understand as purposeful the Legislature's omission of language that it has employed in related statutes.

16

We are mindful that "we presume the Legislature was aware of preexisting legal authority and decisional interpretations, and enacted the [misdemeanor] diversion statute with that in mind." (*VanVleck*, *supra*, 2 Cal.App.5th at p. 363.)  But this is of little help because in 2020 when the Legislature considered and adopted section 1001.95 the case law at its disposal was not monolithic. True, it had *VanVleck* to tell it that courts might apply section 23640 notwithstanding the new diversion statute, but it also had *Hopkins* which stood for the opposite.[2]  The Legislature, then, had no particular reason to think that a court interpreting section 1001.95 would reach the same result as the former case, rather than the result of the latter.  So the presumption that the Legislature was aware of existing case law does not support the conclusion that their failure to expressly address DUIs in section 1001.95 shows an intent that misdemeanor DUIs be excluded under section 23640.

## C.  *The history of section 1001.95*

"[L]egislative history is another well-established tool for ascertaining legislative intent and harmonizing statutes."[3]  (*Tellez, supra*, 56 Cal.App.5th at p. 444.)  The history of Assembly Bill No. 3234, which enacted section 1001.95, shows that under an early version of the bill it "would have no statutory requirements for the defendant to satisfy in order to be eligible, nor would any misdemeanors be statutorily excluded."  (Assem. 3d reading analysis of Assem. Bill No. 3234 (2019–2020 Reg. Sess.), as amended Aug. 3, 2020, at p. 3.)  The California District Attorneys Association pointed out the desirability of excluding certain serious offenses including DUIs (*id.* at pp. 4–5), and the bill was amended to its final version which excluded some but not all of those offenses.  A subsequent legislative analysis summarized this amendment by explaining that a

---

[2]    *Tellez* and *Moore* were not decided until after the bill's passage so the Legislature did not have the benefit of those analyses.

[3]    As there has been no objection, we take judicial notice of all the court records, legislative materials, and other documents the parties have provided.  (See generally Evid. Code, §§ 452, 459.)

17

defendant could not be offered diversion if charged with any of the newly drafted exclusions. (Assem. 3d reading analysis of Assem. Bill No. 3234 (2019–2020 Reg. Sess.), as amended Aug. 24, 2020, at p. 1.) The omission of misdemeanor DUIs in the final list of exclusions and corresponding analysis is telling evidence of the Legislature's intent to include them as eligible.

It is true that the *Tellez* court drew the opposite inference where the Legislature actually deleted a proposed exclusion of DUIs from the diversion statute, reasoning in essence that this showed that the Legislature understood the existence and operation of section 23640 and intended to incorporate it into the diversion statute. (*Ante*, at pp. 10–11.) But the same inference does not hold here because it was premised on the initial proposal to exclude DUIs, which presented a discernible indication of the Legislature's intent; *Tellez* reasoned that in light of section 23640 this same intent persisted despite the subsequent deletion. Here, conversely, the Legislature that enacted section 1001.95 never at any point expressed an intent to exclude misdemeanor DUIs. In fact, all indications were to the contrary.

During a subcommittee meeting discussing a predecessor bill that sought to add the section 1001.95 misdemeanor diversion scheme in its original form with no express exceptions (Assem. Bill No. 88 (2019–2020 Reg. Sess.) as amended Jun. 22, 2020, § 14), Assemblymember Cooper raised the concern that various serious misdemeanors would be eligible, including sex offenses and DUIs, particularly DUIs with priors. Later, during the floor debate on Assembly Bill No. 3234, Assemblymember Cooper spoke approvingly of the fact that some serious misdemeanors had been excluded, but expressed concern that the list did not go far enough, pointing to the remaining inclusion of "DUI with injury, firearms offenses, carrying a concealed firearm, loaded firearm in public, bringing a deadly weapon to a state building."

18

During the Senate's floor debate on the bill, Senator Mitchell noted that "[t]his bill gives statewide judicial authority to offer optional misdemeanor diversion except for specified offenses." Senator Melendez, opposing the bill, said:

> This bill allows a judge to provide unlimited diversion for any misdemeanor, with the exclusion of sex offenses, domestic violence and stalking. It does allow for diversion for those who commit child abuse, who have a DUI, hate crimes, bringing a firearm into a legislative office, assault, battery, identity theft, vehicular manslaughter, possessing a firearm upon or within public school, in, on the grounds, all eligible for diversion.

Senator Mitchell responded by pointing out that, "[a]gain, it excludes those convicted of [*sic*] sex offenses, D.V. and stalking."

As a general rule, "'statements of an individual legislator, including the author of a bill, are generally not considered in construing a statute, as the court's task is to ascertain the intent of the Legislature as a whole in adopting a piece of legislation.'" (*American Financial Services Assn. v. City of Oakland* (2005) 34 Cal.4th 1239, 1262.) But this rule does not hold where, as here, "an individual legislator's opinions regarding the purpose or meaning of the legislation were expressed in testimony or argument to either a house of the Legislature or one of its committees" — that is, "in a legislative forum" where we can be "assur[ed] that the rest of the Legislature . . . knew of . . . those views," and where other "legislators or other interested parties with differing opinions as to the bill's meaning and scope had" the "opportunity to present their views in rebuttal." (*McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1161, fn. 3 [so qualifying the general rule]; see *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 590 ["[d]ebates surrounding the enactment of a bill may illuminate its interpretation"]; *California Chamber of Commerce v. State Air Resources Bd.* (2017) 10 Cal.App.5th 604, 627, fn. 14 ["floor statements provide cognizable legislative history of a bill"]; *Bravo Vending v. City of Rancho Mirage* (1993) 16 Cal.App.4th 383, 407 ["[i]t is settled that one type of conduct which may be considered is statements made by legislators

19

during debate on the proposed legislation"]; *Nasser v. Superior Court (Gaydos)* (1984) 156 Cal.App.3d 52, 58 ["legislative debates" are a legitimate source of legislative intent].) In other words, while "a legislator's personal understanding of a bill does not indicate the Legislature's collective intent in enacting that bill," where the statements are "part of the debate on the legislation and were communicated to other legislators, we can regard them as evidence of legislative intent." (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 928– 29.)[4]

In the legislative debates surrounding section 1001.95 diversion no member ever contradicted the assertions of Assemblymember Cooper and Senator Melendez that misdemeanor DUIs were included. And Senator Mitchell's defense of the bill failed to mention the exclusion of misdemeanor DUIs. This history reflects more than the personal beliefs of select individuals. Rather, members of the Legislature articulated their concerns on the record to their colleagues, they were never met with a rebuttal, and majorities of both houses passed the bill anyway. This is compelling evidence that the Legislature as a whole intended to include misdemeanor DUIs.

Though the indicators found in the legislative history are perhaps sporadic, they are not ambiguous as they all point in the same direction: that the Legislature did not intend to exclude misdemeanor DUIs from section 1001.95 diversion.

### D. *The Legislature's policy goals*

"When the plain meaning of the statutory text is insufficient to resolve the question of its interpretation, we may consider, 'the impact of an interpretation on public policy, for "[w]here uncertainty exists consideration should be given to the consequences that will flow from a

---

[4]     *Carter* spoke specifically of the author's statements, but in light of the other authorities just cited the principle holds regardless of whether or not the legislator was the bill's author.

particular interpretation."'"" (*Moore*, *supra*, 58 Cal.App.5th at p. 581.) But of course, "it is for the Legislature to strike the proper balance between protecting public safety and mitigating the entry and reentry into the criminal justice system of individuals" charged with misdemeanors. (*Ibid.*)

Four decades ago, when the Legislature enacted the predecessor to section 23640, its intent was to punish. "The public wanted and AB 541 provided '[c]elerity and certainty of punishment.'" (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1575.) In the present day, however, it is just as clear that the Legislature's purpose in enacting section 1001.95 was to treat, restore, and rehabilitate.

> AB3234 provides judges with the discretion to provide diversion to individuals charged with misdemeanors they deem appropriate for such a program. Diversion programs that are successfully completed allow a person to avoid the lifelong collateral consequences associated with a criminal record when they are seeking employment or housing. Diversion programs typically require individuals to fulfill strict requirements, including participating in a rehabilitation program. This proactive approach has shown to yield better recidivism rates than merely prosecuting and jailing an individual.

(Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 3234 (2019–2020 Reg. Sess.), as amended Aug. 24, 2020, at p. 2.) An argument in support of the bill elaborated:

> Incarceration and prosecution are intensely traumatic and damaging processes that harm individuals, families and communities, and often increase recidivism and exacerbate the underlying causes of crime. Judge-granted diversion is a tool that can reduce the direct and collateral consequences of mass incarceration and prosecution and promote racial justice in our criminal legal system. AB 3234 also decreases the taxpayer cost of traditional criminal case proceedings, while increasing accountability through rigorous rehabilitative programming, encouraging familial relationships and growth by avoiding familial separation that occurs with incarceration, and making us all safer by reducing recidivism.

(Assem. 3d reading analysis of Assem. Bill No. 3234 (2019–2020 Reg. Sess.), as amended Aug. 24, 2020, at p. 5 [internal quotation marks omitted].)

The Legislature thus unequivocally enacted section 1001.95 in order to broadly shift persons charged with misdemeanors away from traditional punishment in order to achieve better

21

long-term outcomes. Indeed, section 1001.95 diversion represents a sea change in the law of misdemeanors. Up till now "the Legislature has not conferred 'a general grant of authority to trial courts to grant diversion to a defendant, outside a diversion program mandated by the state or by local government, and over the objection of the prosecuting attorney . . . .'" (*People v. Marroquin* (2017) 15 Cal.App.5th Supp. 31, 37; see also Pen. Code, §§ 1001.2, subd. (b) [a misdemeanor diversion program under that chapter requires the approval of the district attorney], 1001.50, subd. (b) [similar].) But in section 1001.95 the Legislature has now granted the Superior Court exactly that power, and with wide discretion. We cannot overstate the significance of this innovation, and our construction of the statutes must respect this rather than downplay it.

There are no reliable indicators that the Legislature that enacted that statute intended to mark misdemeanor DUIs as particularly unamenable to the rehabilitative efforts characteristic of pretrial diversion. And section 23640 still operates to exclude felony DUIs from, for example, mental health diversion. (*Moore*, *supra*, 58 Cal.App.5th 561; *Tellez*, *supra*, 56 Cal.App.4th 439.) It therefore furthers the enacted polices of section 1001.95 to hold — consistent with principles of statutory construction and the other legislative history — that the Legislature intended for defendants charged with misdemeanor DUI to be eligible for section 1001.95 diversion as an exception to the prohibition embedded in section 23640. If such was not the Legislature's intent they could and should have clearly said otherwise.

## DISPOSITION

The petitions are denied.

**FIRETAG, J.**

I respectfully dissent.

In my opinion, I would find that in any case in which a person is charged with a misdemeanor violation of Vehicle Code section 23152 or 23153,[1] those individuals are categorically ineligible for diversion under Penal Code section 1001.95.[2] I find this simply because Vehicle Code section 23640[3] expressly prohibits diversion and nothing in section 1001.95 provides otherwise. Although reasonable minds could certainly differ on the interplay between sections 1001.95 and 23640, I would find that a better argument could be made that the two code sections operate in harmony with each other rather than in conflict.

There are two main reasons why. The first is that there is no textual support to conclude that section 23640's prohibition on misdemeanor DUI diversion has been supplanted by section 1001.95. Nothing in section 1001.95, subdivision (e)'s list of ineligible offenses for diversion suggests that it is exclusive, and nothing in rest of the text lends support for the idea that section 23640 has been repealed in any manner. As such, section 23640 therefore works in harmony with section 1001.95 and still functions as a bar to granting diversion to persons charged with a DUI.

The second reason is that other appellate courts, including our own Fourth District Court of Appeal, Division Two most recently in 2020, have analyzed similar diversion statutes and found that persons charged with DUIs are categorically exempted from receiving diversion because of section 23640. As case law shows, there are no discernable differences between section 1001.95 and other diversion statutes, and thus it would be incongruent for me to conclude that a different result should follow in this matter.

---

[1] Hereafter, "DUI or DUIs."
[2] Hereafter, "section 1001.95."
[3] Hereafter, "section 23640."

1

For these and the reasons detailed below, I respectfully dissent.

## I. The Text of Section 1001.95

In my opinion, there is no textual support in section 1001.95 to find that defendants charged with misdemeanor DUI violations are eligible for diversion in light of section 23640. I agree with the majority's first contention that the task of any reviewing court when analyzing a statute is to determine the intent behind the law. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1369 [finding that a court must "choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute."].) I find that in most cases the intent of the Legislature is best found in the actual words and text used by the Legislature.

At first blush, one can easily see why an argument could be made that DUIs are included. Indeed, by its own terms section 1001.95, subd. (a) states simply: "A judge in the superior court in which a misdemeanor is being prosecuted may, at the judge's discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to these provisions." Section 1001.95 contains four exceptions to granting diversion for certain enumerated offenses: infliction of a corporal injury resulting in a traumatic condition on a specified victim (Pen. Code, § 273.5), domestic battery (Pen. Code, § 243, subd. (e)), stalking (Pen. Code, § 646.9), and any offense carrying mandatory sex offender registration. (§ 1001.95, subd. (e).)

If there were no other statutes to consider, or if section 1001.95 included language specifically indicating that these categories are exclusive, then our work would be done. However, we cannot simply ignore section 23640.

As noted by the majority, the Legislature created section 23640 almost 40 years ago. That statute clearly provides:

2

[i]n any case in which a person is charged with a violation of [Vehicle Code] Section 23152 or 23153, prior to acquittal or conviction, ***the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension***, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program.

(§ 23640, subd. (a) [emphasis added].)  In other words, the Legislature's ***intent*** 40 years ago was that a trial court is prohibited from granting pretrial diversion to a DUI defendant.  This is "[t]he unambiguous intent of" section 23640.  (*People v. Darnell* (1990) 224 Cal.App.3d 806, 810.)

So what is the intent of section 1001.95?  It is clear that the Legislature wanted to create a statutory scheme whereby many, ***but not all***, misdemeanors would be eligible for diversion.  Clearly, some misdemeanors are not eligible because the statute expressly prohibits it.  But what about section 23640?  Indeed, there is no mention of this statute whatsoever in section 1001.95.  There is also no qualifying language in section 1001.95 to indicate that the list of exemptions are exclusive.  As such, it is difficult for me to conclude that the Legislature intended to nullify section 23640 when there is no specific reference of doing so anywhere in the statute.

However, without this textual support the majority has held that section 23640's prohibitions do not apply in granting diversion under section 1001.95.  Put another way, although not stated directly, for all practical purposes the majority has concluded that section 1001.95 has effectively repealed section 23640's prohibition on diversion, at least with respect to misdemeanor DUI offenses.[4]

---

[4]    The majority concludes that because felony DUIs are still categorically prohibited from diversion under section 23640, that section 1001.95 has not fully repealed section 23640.  I find this to be a distinction without a difference.  Whether section 23640 is repealed in whole or in part

In my opinion, not only has section 1001.95 not explicitly repealed section 23640, there is no reason to believe it has done so implicitly either. Indeed, our Supreme Court has regularly cautioned lower courts for making a judicial finding that one statute has repealed another, especially when there is no textual support to do so.

In *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, the court was tasked with reconciling the interplay between Code of Civil Procedure sections 473 and 1008. In resolving this conflict, the court looked to harmonize the two statutes, rather than find one statute superseded the other. The Supreme Court held:

> In this case, the parties disagree less over what sections 473 and 1008 mean than over how the two statutes interact. While plaintiff contends section 1008 governs all renewed applications for relief from default, including applications under section 473(b), defendants contend the two statutes conflict and that section 473(b) takes precedence. Under these circumstances, two principles of statutory construction are especially relevant. First, "'[a] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistences in them, and construe them to give force and effect to all of their provisions . . . .'" [Citation.] Second, *all* "'"'*presumptions are against a repeal by implication*'"'" **[citation],** *including partial repeals that occur when one statute implicitly limits another statute's scope of operation.*
>
> Thus, "'"*we will find an implied repeal 'only when there is no rational basis for harmonizing . . . two potentially conflicting statutes [citation], and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation."* '"'" [Citation.] Applied to the case before us, these principles require us to favor a reasonable construction that gives full effect to both sections 473(b) and 1008. With that cautionary preface we turn to the statutory language.

(*Even Zohar*, at p. 838 [emphasis and paragraph break added].) As *Even Zohar* dictates, courts should harmonize statutes, not find them in conflict to the point where a court effectively concludes that one statute implicitly repeals the other.

---

is not germane to the analysis; the point is that the majority's ruling effectively repeals section 23640's prohibition to grant diversion to persons charged with a misdemeanor DUI offense.

In this case, it is quite simple to harmonize the two statutes: the list of misdemeanor offenses that are ineligible for diversion in section 1001.95, subdivision (e) is non-exclusive, and because section 1001.95 makes no mention of section 23640, the prohibition on granting diversion to persons charged with DUI offenses remains. That is the simplest, and in my opinion most consistent, way to resolve any perceived conflict between the two statutes. Certainly, there is nothing in these two code sections to conclude that they are so irreconcilable, repugnant or inconsistent with each other that they cannot have concurrent operation. (*Even Zohar, supra,* 61 Cal.4th at p. 838.) In short, if the Legislature wanted to repeal section 23640, or modify it, then the Legislature could have expressly used language such as, "Notwithstanding section 23640 . . . ," or even, "Notwithstanding any other law . . . ." Of course, the Legislature made no such expression.

As such, I would hold that the text of section 1001.95 provides no support to find that section 23640's prohibition on granting diversion for misdemeanor DUIs offenses has been set aside.

## II. *Case law Interpreting Similar Diversion Statutes*

Notwithstanding this textual analysis, case law also supports the finding that DUIs are ineligible for diversion under section 1001.95. As the majority has catalogued, case law interpreting the relationship between section 23640 and other diversion statutes is nothing new. For over 30 years, courts have wrestled with similarly-worded diversion statutes and how section 23640 applies. But what is interesting is that most of the courts, with the exception of *Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275, discussed below, have concluded that unless the Legislature expressly states so, section 23640 prohibits diversion for DUI offenses.

Starting in *People v. Weatherill* (1989) 215 Cal.App.3d 1569, notwithstanding Justice Johnson's eloquent dissent, the majority court concluded that section 23202, the forerunner to section 23640, prohibited a DUI defendant from being granted diversion for defendants with developmental disabilities under Penal Code section 1001.20 et seq., a diversion scheme that, similar to section 1001.95, applied to all misdemeanors. (*Id.* at p. 1571–1580.)

Years later, the Legislature created a new statute for diversion for members of the military and veterans, Penal Code section 1001.80. As the majority recognized, in *People v. VanVleck* (2016) 2 Cal.App.5th 355, 361, the Fourth District Court of Appeal, Division One held that the prohibition on diversion for DUI defendants found in section 23640 applied and barred those defendants from military diversion. Of course, in *Hopkins v. Superior Court, supra,* 2 Cal.App.5th 1275, the court held otherwise and found that because the military diversion statute "'appl[ies] *whenever* a [misdemeanor] case is before a court,'" it was in irreconcilable conflict with section 23640 such that it was not appropriate to try to harmonize them. (*Id.* at pp. 1282–83 [emphasis in original].)

The Supreme Court granted review on both cases, but before the court had occasion to rule, the Legislature resolved the *VanVleck* and *Hopkins* conflict and amended Penal Code section 1001.80 to expressly include DUI cases as eligible. (Pen. Code, § 1001.80, subd. (l), added by Stats. 2017, ch. 179.) Unfortunately, we can only speculate what the Supreme Court would have done with this conflict, but importantly, what we do know is that the Legislature took it upon itself to resolve the ambiguity.

Lastly, as identified by the majority, the District Four, Division Two appellate court analyzed the mental health diversion statute in section Penal Code section 1001.36 and section 23640. In *Tellez v. Superior Court* (2020) 56 Cal.App.5th 439, the court held that section 23640

prohibited granting diversion to persons under the mental health courts. (*Id.* at p. 448.) A different panel later reaffirmed this same conclusion only a short time later in *Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 579.

My review of these prior cases leads me to find that unless a diversion statute states otherwise, section 23640 still operates a bar to diversion for DUI offenses. For instance, consider the language in section 1001.36 as identified by *Tellez* and *Moore*, *supra*, which were both just decided in late 2020. In reviewing those statutes together, I can find no substantive differences for me to conclude that section 1001.95 should be treated differently from section 1001.36. Both sections provide the trial court with the power to grant diversion under certain circumstances. Both sections indicate that certain enumerated offenses are categorically ineligible for diversion. And, most importantly, neither section references in any way DUIs, section 23640 or language that indicates that the exceptions are exclusive.[5] In my opinion, there is no reason why *Tellez* and *Moore* do not dictate a finding that DUIs are categorically prohibited under section 1001.95.[6]

---

[5] The only slight difference between the two statutes are that section 1001.36 applies to both felonies and misdemeanors, and section 1001.95 only to misdemeanors. However, as stated above, I do not find any relevance in such a distinction. If the Legislature finds that misdemeanors and felonies should be treated differently, that it their prerogative to do so.

[6] Although it is perhaps *dicta,* the defendant in *Moore, supra,* specifically argued to the appellate court that newly-created section 1001.95 demonstrated that the Legislature intended to make DUIs eligible for diversion under section 1001.36. The Court was not persuaded. The *Moore* court held:

> Moore argues that the Legislature's failure to exclude misdemeanor DUI offenses from the new misdemeanor program (§§ 1001.95-1001.97) shows that it intended to include them. (§ 1001.95, subd. (e).) Likewise, he claims that the Legislature's failure to exclude misdemeanor and felony DUI offenses from eligibility for pretrial mental health diversion (§ 1001.36, subd. (b)(2)) shows that it intended to include them. But whether misdemeanor DUI offenses are eligible for diversion under new sections 1001.95 to 1001.97 is not before us, and even if they are, "***it does not follow that [misdemeanor and felony] DUI offenses are [ ] eligible for mental health diversion" under section 1001.36***. (*Tellez, supra*, 56 Cal.App.5th at p. 450, 270 Cal.Rptr.3d 418.) For the reasons explained, DUI offenses are not eligible for diversion under section 1001.36.

7

In the end, I would find that it is for the Legislature to amend section 1001.95 if it seeks to include DUIs for misdemeanor diversion. As the court held in *Moore*, *supra*, when the defense argued that the policy of increasing diversion would be best be served if DUI defendants who suffer from qualifying mental health disorders are granted diversion, the appellate court responded, "Although this may be so, ***it is for the Legislature to strike the proper balance*** between protecting public safety and mitigating the entry and reentry into the criminal justice system of individuals with mental disorders." (58 Cal.App.5th at p. 581 [emphasis added].) I would rule the same.

### III. Conclusion

Therefore, because I can find no textual support for finding that section 23640 has been repealed, nullified or otherwise set aside, and because precedent has analyzed analogous statutes and found DUIs are not included in similarly-worded diversion statutes, I would find that DUIs are categorically ineligible for diversion under section 1001.95. I would thus grant the People's writ.

I respectfully dissent.

---

(*Moore, supra,* 58 Cal.App.5th at p. 582 [emphasis added].)

8